# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00005-CV

**American Casualty Company of Reading, PA, Appellant**

**v.**

**Timothy Neuwirth, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-08-1038-C, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

American Casualty Company of Reading, PA ("American") appeals an order awarding attorney's fees to Timothy Neuwirth. American sought judicial review of a ruling by the Appeals Panel of the Texas Department of Insurance—Division of Workers' Compensation ("DWC"). *See* Tex. Lab. Code Ann. § 410.252(a) (West Supp. 2010). Neuwirth responded to American's petition by filing an answer that included both a general denial and a counterclaim for bad faith. The trial court severed and then dismissed the counterclaim. American eventually non-suited its claim, after which Neuwirth moved for attorney's fees under Texas Labor Code section 408.221(c). *See id*. § 408.221(c) (West 2006). The trial court awarded Neuwirth all the fees he sought. On appeal, American argues that the award was error because it included noncompensable fees stemming from Neuwirth's counterclaim. Holding that American failed to preserve error on this issue, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1993, Neuwirth suffered a work-related injury and filed a workers' compensation claim. American, which insured Neuwirth's employer, admitted that Neuwirth's injury was compensable and began paying Neuwirth certain benefits. Several years later, however, American contested whether Neuwirth's injury included a particular chronic health condition. DWC held a contested hearing and determined that it did. A DWC appeals panel affirmed that determination. *See id*. § 410.202(a) (West 2006).

American sought judicial review of DWC's final order. *See id*. § 410.252(a). In response to American's petition, Neuwirth filed an answer that included both a general denial and a counterclaim for bad faith. The substance of the counterclaim was that American violated its duty to act in good faith when it contested whether Neuwirth's compensable injury included his chronic condition. *See* Tex. Ins. Code Ann. § 541.060 (West 2009) (insurance companies must attempt in good faith to settle claims for which their liability is reasonably clear). Neuwirth's answer sought attorney's fees under both the labor code (for defending against American's claim) and the insurance code (for pursuing the counterclaim). *See* Tex. Lab. Code § 408.221(c) (claimant who prevails in insurer's suit for judicial review is entitled to recover attorney's fees); Tex. Ins. Code Ann. § 541.152(a)(1) (West 2009) (plaintiff who prevails on bad-faith claim against insurer may recover attorney's fees).

American filed a plea to the jurisdiction on Neuwirth's counterclaim, arguing that because Neuwirth had not raised the bad-faith issue before DWC he could not raise it for the first time in the trial court. *See* Tex. Lab. Code Ann. § 410.302(b) (West 2006) (judicial review of DWC

2

determinations is limited to issues decided by DWC). The parties eventually agreed to sever Neuwirth's counterclaim and related claim for attorney's fees. The trial court assigned a new cause number to those claims. Neuwirth's other claim for attorney's fees (based on defending against American's claim) was not severed, but rather remained under the cause number assigned to American's claim.

Approximately one month after the severance of Neuwirth's counterclaim, American and Neuwirth filed a joint motion to dismiss the counterclaim. The order granting dismissal stated that "[a]ll costs, expenses, and attorney's fees" relating to the counterclaim would be "taxed against the party incurring same."

A short time later, American filed a notice of non-suit on its claim. *See* Tex. R. Civ. P. 162. The trial court subsequently entered an order dismissing American's claim. The order said nothing about attorney's fees.

Several months later, Neuwirth filed a Motion to Set Hearing on Fees under the cause number belonging to American's claim. The motion claimed that Neuwirth was entitled to attorney's fees under labor code section 408.221(c). Neuwirth attached to the motion an affidavit by his attorney, Kevin Miller, that stated $300 per hour was a reasonable fee for the work Miller and his associates had performed on the case. The affidavit did not state the total number of hours Miller and his associates had worked, nor did it include an itemized billing statement for their work.

American filed a written objection to Neuwirth's Motion to Set Hearing on Fees. The objection argued that Neuwirth was not entitled to attorney's fees because his case concerned medical benefits, not income or death benefits. *See* Tex. Lab. Code § 408.221(c) (claimant is

3

entitled to attorney's fees when insurance carrier unsuccessfully appeals DWC decision "regarding compensability or eligibility for, or the amount of, *income* or *death* benefits") (emphases added). The objection also argued that setting a hearing on Neuwirth's claim for attorney's fees was improper because Neuwirth had not provided written substantiation of the fees he sought. *See id*. § 408.221(b) (attorney's fees award is based on written evidence of attorney's time and expenses).

The court implicitly overruled American's objection and set a hearing on Neuwirth's motion for attorney's fees. Shortly before the hearing began, Miller gave American an itemized billing statement that detailed all the work for which Neuwirth was seeking attorney's fees. Miller then testified at the hearing, describing his experience, the work he had performed for Neuwirth, and his opinion of the value of his services. American's attorney cross-examined Miller on several topics, including whether certain entries in his itemized billing statement represented work done in support of Neuwirth's counterclaim. With regard to one particular entry, Miller answered that it "[p]robably" represented "very minimal" work done in support of the counterclaim. American's attorney introduced the itemized billing statement into evidence. She also asked Miller several questions regarding whether Neuwirth's case involved medical benefits rather than income or death benefits.

After being cross-examined, Miller testified on redirect. At the conclusion of the redirect, the court asked both parties, "Anything else?" and American's attorney responded, "I have no further questions." The court then immediately ruled that it would grant Neuwirth all the attorney's fees he sought. American's attorneys did not respond to this ruling in any way that is reflected in the record. American subsequently filed this appeal.

4

## STANDARD OF REVIEW

We review attorney's fees awards for abuse of discretion.  *Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163  (Tex. 2004).  A court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding rules or principles, or without supporting evidence.  *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

## DISCUSSION

American raises three issues on appeal:

1. The order awarding attorney's fees for Neuwirth's *counterclaim* was void because the trial court issued it after the counterclaim was severed and dismissed.

2. The trial court lacked subject-matter jurisdiction to award attorney's fees for Neuwirth's *counterclaim* because the counterclaim was based on an issue (bad faith) that DWC had not addressed.

3. Neuwirth was not entitled to collect attorney's fees on his *counterclaim* because he did not prevail on it.

Each of these issues assumes that the trial court awarded Neuwirth attorney's fees for his counterclaim.  The trial court expressly stated, however, that it was not awarding Neuwirth attorney's fees for his counterclaim, but rather was awarding him attorney's fees only for defending against American's claim.[1]  Viewed liberally, American's complaint seems to be that even though

---

[1] The order awarding fees expressly stated that it pertained only to the cause number belonging to American's claim (Neuwirth's counterclaim had a different cause number), and the order dismissing Neuwirth's counterclaim expressly stated that each party would pay its own fees relating to that claim.  American concedes that Neuwirth was entitled to recover attorney's fees for defending against American's claim.  *See* Tex. Lab. Code Ann. § 408.221(c) (West 2006).

the trial court purported to award Neuwirth attorney's fees only for defending against American's claim, in fact it also awarded Neuwirth attorney's fees for pursuing his counterclaim. American's argument, in other words, seems to be that the trial court erred by awarding Neuwirth all the attorney's fees he sought even though he failed to segregate noncompensable fees (i.e., fees incurred in pursuit of his counterclaim) from compensable fees (i.e., fees incurred in defending against American's claim). *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006) ("[I]f any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees.").

We hold that American failed to preserve error on this issue. As a prerequisite to presenting a complaint for appellate review, the record must show that:

> (1)  the complaint was made to the trial court by a timely request, objection, or motion that:
>
> > (A)  stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
> >
> > (B)  complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and
>
> (2)  the trial court:
>
> > (A)  ruled on the request, objection, or motion, either expressly or implicitly; or
> >
> > (B)  refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Tex. R. App. P. 33.1.

6

As noted above, American made two arguments in its written objection to setting a hearing on attorney's fees: (1) Neuwirth was not entitled to attorney's fees because his case concerned medical benefits rather than income or death benefits, *see* Tex. Lab. Code § 408.221(c); and (2) Neuwirth had not provided written substantiation of the fees he sought, *see id*. § 408.221(b). American made those arguments against *setting a hearing* on attorney's fees, however, not against actually awarding attorney's fees. After the court set a hearing and shifted its focus to determining the proper amount of fees to award Neuwirth, American made no objection whatsoever. It therefore waived error with regard to the segregation-of-fees issue that it raises on appeal. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997) ("[I]f no one objects to the fact that the attorney's fees are not segregated as to specific claims, then the objection is waived.").

American argues that we should entertain its appellate arguments because the trial court did not give it a chance to make objections. In support of this argument, American notes that the court ruled as soon as American said it had no further questions for Miller. Two facts convince us that ruling at this juncture did not "prevent" American from making objections. First, after the court ruled, American did not even attempt to inform the court that it had additional evidence to put on and objections to make. Litigants must attempt to inform the trial court of their complaints, *see* Tex. R. App. P. 33.1(a), and must make an offer of proof if they have evidence to present, Tex. R. Evid. 103(a). Second, after the hearing ended, American did not file any type of motion to apprise the court of its error and give the court a chance to cure its error. *See Kiefer v. Continental Airlines, Inc.*, 10 S.W.3d 34, 41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (party who failed to ask trial court to reconsider its actions waived complaint on appeal); *see also In re D.W.*, 249 S.W.3d

7

625, 643-44 (Tex. App.—Fort Worth 2008, pet. denied) (goals of civil trial and appellate procedural schemes include providing trial court ample opportunity to cure errors at every step of proceedings).

For the reasons stated above, we conclude that American failed to preserve error with regard to its appellate issues. *See* Tex. R. App. P. 33.1(a). We therefore affirm the order awarding attorney's fees to Neuwirth.

_____

David Puryear, Justice

Before Justices Puryear, Waldrop and Henson;
  Justice Waldrop Not Participating

Affirmed

Filed: May 26, 2011