Robert August BOCQUET, the Estate of Phillip Edmund Bocquet, deceased, Malcolm Oscar Bocquet, Blanche Eugenia Beechie, Willie Granata, R.G. Weyel, Glenn Howard, Oliver W. Howard, and wife, Lorraine M. Howard, Louis J. Pantusa, et al., Petitioners,

v.

Earl HERRING and wife, Florence Canales Herring, Respondents.

No. 96–1241.

Supreme Court of Texas.

April 14, 1998.

Rehearing Overruled Aug. 25, 1998.

Gardner S. Kendrick, Charles A. Japhet, San Antonio, for Petitioners.

Dennis K. Drake, San Antonio, for Respondents.

HECHT, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, SPECTOR, OWEN, ABBOTT and HANKINSON, Justices, join.

The Declaratory Judgments Act provides that in any proceeding under the Act "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM.CODE § 37.009. The question here is, by what standard is such an award of attorney fees to be reviewed on appeal.

Earl Herring and his wife sued two groups of defendants, the Bocquet parties and the Weyel parties, for a judgment declaring that defendants were not entitled to access their property by means of a roadway easement on the Herrings' property. Defendants counterclaimed for a declaration of their rights and for tort damages. On cross-motions for summary judgment, the district court granted judgment for defendants and severed their claims for attorney fees and damages. The court of appeals affirmed in an unpublished opinion, and we denied plaintiffs' application for writ of error. 37 TEX. SUP.CT. J. 1180 (July 28, 1994). The defendants nonsuited their tort claims, and the parties then tried defendants' claim for attorney fees to the bench. The district court awarded $50,-000 to the Bocquet parties, $45,000 to the Weyel parties, and $7,500 to all defendants jointly in the event the Herrings appealed unsuccessfully.

The Herrings appealed, arguing that the attorney fee award was an abuse of discretion, was not supported by factually or legally sufficient evidence, and was not equitable or just. While the appeal was pending, the Herrings settled with the Weyel parties. The court of appeals held that "[t]he standard of review is an abuse of discretion", 933 S.W.2d at 613, that whether attorney fees are "reasonable and necessary . . . must be decided by the fact finder", *id.* at 614, that the trial court's "findings are only to be disturbed if there is an abuse of discretion", *id.,*

and that "both the time and the amount awarded to the appellees['] attorneys [was] excessive", *id.* at 615. The court reversed and remanded for a new trial unless the Bocquet parties remitted $23,750 of their award. In so doing the appeals court appears to have sustained the Hennings' second point of error complaining of the insufficiency of the evidence. The Bocquet parties did not remit but instead appealed to this Court.

■■■ To determine the correct standard of review, we look first to the statute. The Declaratory Judgments Act does not require an award of attorney fees to the prevailing party. Rather, it provides that the court "may" award attorney fees. The statute thus affords the trial court a measure of discretion in deciding whether to award attorney fees or not. *Commissioners Court v. Agan,* 940 S.W.2d 77, 81 (Tex.1997); *Barshop v. Medina County Underground Water Conservation Dist.,* 925 S.W.2d 618, 637–638 (Tex.1996); *Texas Educ. Agency v. Leeper,* 893 S.W.2d 432, 444–446 (Tex.1994); *Edgewood Indep. Sch. Dist. v. Kirby,* 777 S.W.2d 391, 398–399 (Tex.1989); *Duncan v. Pogue,* 759 S.W.2d 435, 435–436 (Tex.1988); *Oake v. Collin County,* 692 S.W.2d 454, 455–456 (Tex. 1985). The same is true of other statutes that provide that a court "may" award attorney fees. *E.g. City of Sherman v. Henry,* 928 S.W.2d 464, 474 (Tex.1996) (applying TEX. LOC. GOV'T CODE § 143.015(c)); *Bruni v. Bruni,* 924 S.W.2d 366, 368 (Tex.1996) (reviewing fees in suits affecting the parent-child relationship under former TEX. FAM. CODE § 11.18(a), recodified as § 106.002). Statutes providing that a party "may recover", "shall be awarded", or "is entitled to" attorney fees are not discretionary. *E.g., D.F.W. Christian Television, Inc. v. Thornton,* 933 S.W.2d 488, 490 (Tex.1996) (applying TEX. CIV. PRAC. & REM.CODE § 38.001(8)); *Arthur Andersen & Co. v. Perry Equipment Corp.,* 945 S.W.2d 812, 818 (Tex.1997) (discussing "reasonable and necessary attorneys' fees" under TEX. BUS. & COM.CODE § 17.50(d)); *Ragsdale v. Progressive Voters League,* 790 S.W.2d 77, 86 (Tex.App.—Dallas 1990), *aff'd in part and rev'd in part on other grounds,* 801 S.W.2d 880 (Tex.1990) (applying

former TEX. ELEC.CODE § 251.008, recodified as § 253.131).

■ The Act imposes four limitations on the court's discretion. The first is that fees must be reasonable. In general, "[t]he reasonableness of attorney's fees, the recovery of which is authorized by . . . statute, is a question of fact for the jury's determination." *Trevino v. American Nat'l Ins. Co.*, 140 Tex. 500, 168 S.W.2d 656, 660 (1943). *Accord: Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 73 (Tex.1997); *Snoke v. Republic Underwriters Ins. Co.*, 770 S.W.2d 777, 778 (Tex. 1989) (per curiam); *Great Am. Reserve Ins. Co. v. Britton*, 406 S.W.2d 901, 907 (Tex. 1966); *Gulf Paving Co. v. Lofstedt*, 144 Tex. 17, 188 S.W.2d 155, 160–161 (1945); *Johnson v. Universal Life & Accident Ins. Co.*, 127 Tex. 435, 94 S.W.2d 1145, 1146 (1936). The second limitation, that fees must be necessary, is likewise a fact question. *General Motors Corp. v. Bloyed*, 916 S.W.2d 949, 961 (Tex.1996). There are, of course, factors prescribed by law which guide the determination of whether attorney fees are reasonable and necessary. *Arthur Andersen*, 945 S.W.2d at 818 (quoting TEX. DISCIPLINARY R. PROF. CONDUCT 1.04, *reprinted in* TEX. GOV'T CODE., tit. 2, subtit. G app. (STATE BAR RULES, art. X, § 9)).

The Act's other two limitations on attorney fees awards are that they must be equitable and just. Matters of equity are addressed to the trial court's discretion. *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex.1974); *Craddock v. Sunshine Bus Lines*, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939). So is the responsibility for just decisions. *Murff v. Murff*, 615 S.W.2d 696, 699–700 (Tex.1981); *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1005 (1950).

■ In sum, then, the Declaratory Judgments Act entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law. It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles, *e.g., Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997), or to rule without supporting evidence, *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex.1991). Therefore, in reviewing an attorney fee award under the Act, the court of appeals must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and necessary, or when the award was inequitable or unjust. Unreasonable fees cannot be awarded, even if the court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees. This multi-faceted review involving both evidentiary and discretionary matters is required by the language of the Act.

■ In the present case, we find nothing to indicate that the district court's attorney fee award was unjust or inequitable, and there was some evidence to support it. The court of appeals did not reach a contrary conclusion. Although the court of appeals' opinion is not completely clear on the matter, we read it to sustain the Herrings' complaint that the evidence of reasonableness and necessity of attorney fees was factually insufficient, given the court's conclusions that the fees awarded were excessive and that a remittitur was appropriate. It would be an abuse of discretion for the district court to award fees without factually sufficient supporting evidence. But before the court of appeals could reach that conclusion, it was required to detail all relevant evidence and explain why the evidence was factually insufficient. *Rose v. Doctors Hospital*, 801 S.W.2d 841, 848 (Tex.1990). This it did not do.

Accordingly, the Court grants the Bocquet parties' application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court to redetermine the factual sufficiency of the evidence of the reasonableness and necessity of the attorney fees awarded by the district court. TEX. R.APP. P. 59.1. The determination should be made in light of the standards prescribed in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct. If the court finds the

evidence sufficient, the district court's judgment must be affirmed; if the court finds the evidence insufficient, it may affirm conditioned on a remittitur or remand for further proceedings.

BAKER, J., issued a dissenting opinion, in which ENOCH, J., joins.

BAKER, Justice, joined by ENOCH, Justice, dissenting.

I agree with the Court that the question is what is the appellate standard of review of an attorneys' fee award in a Declaratory Judgment Act case tried by the court. However, that is about all that I can agree on with the Court in this case. As best I can glean from the Court's opinion is that in a Declaratory Judgment Act case whether to award an attorneys' fees to either side is reviewed under an abuse of discretion standard; whether the fee, if awarded, is reasonable and necessary is reviewed under a legal and factual sufficiency standard; and whether the fee is equitable and just is reviewed under an abuse of discretion standard. The Court's decision makes for a schizophrenic review of attorneys' fees in Declaratory Judgment Act cases. Accordingly, I dissent.

In 1996, the Court applied an abuse of discretion standard to the amount of an attorneys' fee award in a Declaratory Judgment Act case. *See Barshop v. Medina Underground Water Conservation Dist.,* 925 S.W.2d 618, 637–38 (Tex.1996). Again, in *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880 (Tex.1990)(per curiam), the Court applied an abuse of discretion standard in deciding the attorneys' fees issue. *See Ragsdale,* 801 S.W.2d at 882.

The Texas Uniform Declaratory Judgment Act expressly recognizes the trial court's discretion in making an attorneys' fee award. *See* TEX. CIV. PRAC. & REM CODE § 37.009; *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985). In a Declaratory Judgment Act case tried to the trial court both the grant or denial of attorneys' fees and the amount awarded should be a matter for the trial court's discretion, with appellate review under an abuse of discretion standard rather than an evidentiary standard. In addition to

simply avoiding the anomalous situation of applying different standards when reviewing the facets of one attorneys' fees award in a Declaratory Judgment Act case tried to the court, other reasons exist that support the view that abuse of discretion is the proper standard of review.

In a bench trial, the trial judge passes on the witnesses' credibility and the weight given the witnesses' testimony. The trial judge can reject or accept any witnesses' testimony in whole or in part. *See Texas W. Oil & Gas Corp. v. El Paso Gas Trans. Co.,* 631 S.W.2d 521, 524 (Tex.App.—El Paso 1982, writ ref'd n.r.e.). The abuse of discretion standard of review recognizes that these functions rest with the trial court and not the appellate court. In awarding attorneys' fees the trial court, as a fact-finder, must take into account various factors. *See* TEX. DISCIPLINARY R. PROF. CONDUCT 1.04, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. (STATE BAR RULES, art. X, § 9); *Arthur Andersen v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997); *Ragsdale,* 801 S.W.2d at 881. Trial judges, as well as appellate judges, can draw on their common knowledge and experience as lawyers and as judges in considering the testimony, the record, and the amount in controversy in determining attorneys' fees. *See Leggett v. Brinson,* 817 S.W.2d 154, 157 (Tex.App.—El Paso 1991, no writ).

Under an abuse of discretion standard of review, we review the entire record. *See Morrow v. H.E.B., Inc.,* 714 S.W.2d 297 (Tex. 1986). When resolving factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). The reviewing court may not reverse for an abuse of discretion merely because it disagrees with the trial court's decision, if that decision was within the trial court's discretionary authority. *See Beaumont Bank N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). Under an abuse of discretion standard of review, if there is some evidence in the record that shows the trial court followed guiding rules and principles, then the reviewing court may not find

an abuse of discretion.  *See Morrow,* 714 S.W.2d at 298.

For these reasons, I believe that an abuse of discretion standard of review should apply to both the question of whether the trial court properly granted an attorneys' fees award and whether the trial court properly decided the amount of the attorneys' fees award.   Because the Court decides otherwise, I respectfully dissent.