

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00296-CV

MICHAEL QUINN SULLIVAN, APPELLANT

V.

SALEM ABRAHAM, APPELLEE

On Appeal from the 31st District Court
Hemphill County, Texas
Trial Court No. 6994, Honorable Steven Ray Emmert, Presiding

October 13, 2014

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Michael Quinn Sullivan (Sullivan) appeals from a final order or judgment dismissing, with prejudice, a defamation suit filed against him by Salem Abraham.[1] Sullivan does not attack the dismissal of the suit. Rather, he questions the amount of attorney's fees and expenses awarded him by the trial court and the latter's failure to assess sanctions against Abraham. By awarding insufficient fees and expenses and by

---

[1] We characterize the document from which the appeal is taken as a final order or judgment because it is entitled both an order of dismissal and final judgment.

levying no sanctions, the trial court allegedly abused its discretion.  We affirm in part and reverse in part.

*Background*

The appeal before us has nexus to that assigned Cause No. 07-12-00494-CV, *Abraham v. Greer, et al.* We disposed of the latter cause via opinion rendered on July 25, 2014, which opinion reversed the trial court's dismissal of the cause.  The *Greer* proceeding also involved a defamation suit initiated by Abraham.   According to Abraham's live pleading at bar, Sullivan told Greer of a political event attended by Abraham.  Greer published an article about the event that allegedly defamed Abraham.  The trial court dismissed the *Abraham/Greer* suit under the authority of Texas Civil Practice and Remedies Code § 27.001 *et seq.*

The appeal now before us also involves a dismissal under § 27.001 *et seq.* Though no one questions the actual dismissal of the cause, they debate § 27.009 of the same statute and whether it was accurately applied.  Section 27.009 provides:

(a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:

(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

TEX. CIV. PRAC. & REM. CODE ANN.  § 27.009(a)(1) & (2) (West Supp. 2014).  We address each issue in the order mentioned in the statute.

2

*Attorney's Fees and Expenses*

The pertinent standard of review is one of abused discretion. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). That is, the ruling of the trial court must stand unless it fails to comport with controlling rules or principles or is otherwise arbitrary or unreasonable such as when it lacks sufficient evidentiary support. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *accord Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012) (stating that a "trial court abuses its discretion by ruling (1) arbitrarily, unreasonably, or without regard to guiding legal principles; or (2) without supporting evidence").

To determine relevant controlling principles in a dispute involving attorney's fees and expenses, we look both to the statute under which they were sought and judicial precedent discussing it and like language in related statutes. As for the statute, § 27.009(a)(1) specifies that the trial court "shall award" fees and expenses to the moving party if the suit is dismissed. TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1) (West Supp. 2014). Those two quoted words connote a lack of discretion. *See Bocquet v. Herring*, 972 S.W.2d at 21 (stating that "[s]tatutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary"). That is, they evince that the trial court has no discretion to withhold the relief encompassed in § 27.009(a)(1) from a party that successfully moved for dismissal. Yet, we take care to recognize that more is said in the statute.

Appended to the obligation to such relief is the modifier "as justice and equity may require." *Id.* § 27.009(a)(1). Because the legislature included that passage into the statute, it cannot be ignored. *See In re Office of the AG*, 422 S.W.3d 623, 629 (Tex.

2013 (holding that each word of a statute must be given effect). Furthermore, the phrase likens to that found in the attorney's fee provision of the Declaratory Judgments Act.

In the aforementioned act, the legislature provided that the trial court "may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2005). Our Supreme Court had occasion to consider that language in *Bocquet v. Herring* and construed it as mandating a "multi-faceted review" implicating both "evidentiary and discretionary matters." *Bocquet v. Herring*, 972 S.W.2d at 21. One aspect of the review concerned the realization that by combining the verbiage, the legislature interjected both questions of fact and questions of law into the analysis. That is, whether the fees were reasonable and necessary presented a question of fact for resolution by the fact finder. *Id.* The same could not be said of whether the fees were "equitable and just," however. According to our Supreme Court, "[m]atters of equity" and the "responsibility for just decisions" not only are "addressed to the trial court's discretion" but also constitute "matters of law." *Id.*

Another aspect of the review concerns the interplay between those factual and legal questions. That interplay is exemplified by the Court's observations that while "[u]nreasonable fees cannot be awarded, even if the court believed them just," the trial court "may conclude that it . . . [was] not equitable or just to award even reasonable and necessary fees." *Id.* This observation by the court is quite important for it relates to the authority vested in the trial court. The latter may not award more than what is reasonable but may grant less than that amount depending upon considerations of justice and equity relevant to the case. There is also another bit of importance implicitly

4

arising from the observation, and it pertains to the burden imposed upon one attacking, via appeal, the trial court's decision to award a particular amount of fees.

One cannot deny that an appellant has the obligation to establish error. *Meacham v. Commission for Lawyer Discipline*, 36 S.W.3d 612, 615 (Tex. App.—Dallas 2000, pet. denied). Should the appellant complain about what he deemed an insufficient amount of fees awarded under a statute mandating a reasonable fee subject to the considerations of justice and equity, he must do more than merely address the reasonableness of the sum awarded. Doing that only addresses one aspect of the authority recognized in *Bocquet.* Again, the latter opinion recognized the trial court's authority to award less than what is reasonable at times. The appellant must also address whether concepts of equity and justice relevant to the particular dispute supported the decision or otherwise allowed for a reduction of fees. Unless that is done successfully, he fails to prove that the trial court abused the authority given it under the statute.

Simply put, in situations where the statute specifies that a fee must be both reasonable and just/equitable, a litigant wanting more must show that the award was unreasonable and that considerations of equity and justice did not warrant the reduction. We have such a statute in § 27.009(a)(1) of the Civil Practice and Remedies Code. Like the provision involved in *Bocquet* (i.e., § 37.009 of the Civil Practice and Remedies Code), ours requires the award of "court costs, reasonable attorney's fees, and other expenses . . . as justice and equity may require." TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1) (West Supp. 2014). Given that language and the teachings of *Bocquet*, fees and expenses must be awarded. Yet, the sums awarded can be no

5

more than what is reasonable but may be less than that in view of pertinent considerations of justice and equity.

Here, the record contains the trial court's July 26, 2013 letter ruling pertaining to attorney's fees and expenses. Through the missive, it found "that *justice and equity* necessitate . . . [Sullivan's] recovery of reasonable attorney's fees in the amount of $6,500.00 and costs in the amount of $1,500.00."[2] (Emphasis added). Furthermore, Sullivan argued that the trial court abused its discretion in awarding only fees of $6,500 and expenses of $1,500. He believed the fees and expenses due were the $67,290 and $4,382, respectively, he sought. Yet, in attempting to establish error, he merely discussed the unreasonableness of what was awarded and the reasonableness of what he wanted. That tack encompassed only one part of the multi-faceted review imposed by both § 27.009(a)(1) and *Bocquet*. He said nothing about the considerations of "justice and equity" mentioned in the statute and whether they allowed the trial court to award less than what he wanted. Again, it may well be that the trial court gave him less than what was reasonable, but that alone does not constitute error. It was incumbent upon Sullivan to show that the reduction was not warranted by justice or equity before it could be said that he established an instance of abused discretion. In so failing, Sullivan did not carry his burden on appeal.

Yet, even had Sullivan addressed the elements of equity and justice, he failed to establish that the $67,290 he wanted was reasonable. The lodestar method of calculating fees was used to arrive at that sum. While that method of calculation requires the consideration of numerous indicia, the "starting point" is "the number of

---

[2] The word "costs" was changed to "expenses" in the final order of dismissal. Sullivan attacks on appeal the amount of expenses awarded, not costs.

6

hours 'reasonably expended on the litigation.'" *El Apple I, Ltd. v. Olivas*, 370 S.W.3d at 762-63. Satisfying that burden entails the offer of proof illustrating 1) the work done, 2) who did it, 3) their rate, 4) when the work was performed, and 5) the number of hours worked. *Id.* Additionally, when fees are sought for work done by multiple attorneys, the application should also indicate which attorney performed a particular task or category of tasks. *Id.* One does not satisfy that obligation by simply proffering evidence of generalities.

For instance, in *Long v. Griffin*, No. 11-1021, 2014 Tex. LEXIS 304 (Tex. April 25, 2014), the attorneys used the lodestar method to calculate the reasonable fee due them. And, though their affidavit referenced the amount of time each spent on the case and provided general descriptions of what was done, no mention was made of the time each spent on specific tasks. This rendered their application deficient, according to the Supreme Court. *Id.* at *6-7. The affidavit Sullivan gave the trial court here (i.e., "Second Supplemental Affidavit of Joseph M. Nixon") similarly described the total hours performed by each attorney, the respective billing rate, and a general description of the work performed. Similarly missing was mention of the time each spent on the specific task described. So, it too, like the affidavit in *Long*, provided the trial court "insufficient information . . . to meaningfully review the fee request." *Id.* at *7.

We also note that the rates applied to the hours performed, according to the affiant, were those set by his firm's "Executive Committee" and charged "in its Houston, Dallas, San Antonio, and Austin offices, having in mind the education, experience and the prevailing rates of comparable firms practicing litigation in those geographic areas." Yet, the suit from which this appeal arose was not filed, prosecuted, or defended in any

7

of those general areas.  Abraham initiated and the parties litigated it in Hemphill County, Texas.  This is of import because the Texas Disciplinary Rules of Professional Conduct cite "the fee customarily charged in the *locality* for similar legal services" as the appropriate rate when calculating attorney's fees.  Tex. Disciplinary Rules Prof'l Conduct R. 1.04(b)(3), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (West 2013) (Tex. State Bar R. art. X, § 9). (Emphasis added).  Sullivan made no effort to establish through evidence that the hourly rate charged in Houston, Dallas, San Antonio, and Austin is or likens to the hourly rate "charged in the locality" or general area of the trial court in Hemphill County.

In sum, Sullivan failed to carry his burden to show that the trial court abused its discretion in awarding the fees and expenses it did.  Thus, we overrule his first issue.

*Sanctions*

As for the matter of sanctions, § 27.009(a) provides that the trial court "shall award to the moving party . . .  sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions . . . ."  *Id.* § 27.009(a)(2) (West Supp. 2014).[3]  Through use of the word "shall," the legislature evinced its intent to impose upon the trial court an obligation to assess sanctions.  *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (stating that use of the word "shall" is generally construed as mandatory); *accord Bocquet v. Herring*, 972 S.W.3d at 20 (involving the assessment of attorney's fees and stating that "[s]tatutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to . . . " connotes a non-discretionary act).  And though the quantum or extent of

---

[3] Missing from that language is reference to "justice and equity" or like terminology.

8

the sanction is regulated by what the trial court "determines sufficient," the obligation remains to levy a sanction appropriate under the circumstances of the case.

Here, the trial court denied Sullivan's request for sanctions. That is, none were awarded despite the statutory directive that it "shall" award a sanction deemed sufficient to deter particular conduct in the future. Refusing to perform a mandatory duty constitutes an abuse of discretion. *See Jimenez v. Transwestern Property Co.*, 999 S.W.2d 125, 131 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (involving sanctions imposed under Texas Rule of Civil Procedure 13 and holding that the failure of the trial court to comply with the mandatory requirement of "particularity of findings" in that rule as to specific acts or omissions constituted an abuse of discretion). That was reversible error.

Accordingly, that portion of the order of dismissal assessing attorney's fees and expenses is affirmed. That portion of the order failing to award sanctions is reversed. The cause is remanded to the trial court for purposes of compliance with Texas Civil Practice and Remedies Code § 27.009(a)(2).

Brian Quinn
Chief Justice

9