**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed June 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00631-CV

**VIRGILIO AVILA AND UNIVISION TELEVISION GROUP, INC., Appellants**
**V.**
**F.B. LARREA, Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-10828**

## OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

Appellants Virgilio Avila and Univision Television Group, Inc. (Univision) appeal from the trial court's denial of their motion for an award of attorney's fees, expenses, and sanctions pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–27.011 (West 2015). In two issues, appellants contend (1) awards of attorney's fees and expenses to them and of sanctions against appellee F.B. Larrea are mandatory under the TCPA, and (2) the trial court abused its discretion by denying their motion for attorney's fees and expenses under the TCPA. We affirm the trial court's judgment in part, reverse the trial court's judgment in part, and remand this cause for further proceedings consistent with this opinion.

## Background

This appeal arises from a defamation action filed by Larrea against Univision, which through a subsidiary company owns and operates local broadcast station KUVN Channel 23, and Avila, a broadcast journalist employed by KUVN. Larrea, a Dallas attorney, asserted in his petition that defamatory statements were made about him by appellants in two news broadcasts and on Univision's internet website (the broadcasts), and that he is entitled to damages. *See Avila v. Larrea*, 394 S.W.3d 646, 650 (Tex. App.—Dallas 2012, pet. denied) (*Avila I*).

The TCPA was enacted in 2011 to "safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. The TCPA provides a means for a defendant, early in the course of a lawsuit, to seek dismissal of claims related to the exercise of constitutional rights identified in the Act. *Id*. § 27.003(a). To prevail on a motion to dismiss filed pursuant to the TCPA, a movant must first show by a preponderance of the evidence that the legal action "is based on, relates to, or is in response to" the movant's exercise of the right of free speech, right to petition, or right of association. *Id*. § 27.005(b); *Pickens v. Cordia*, 433 S.W.3d 179, 183 (Tex. App.—Dallas 2014, no pet.). If the movant meets this burden, the trial court must dismiss the action unless the plaintiff "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). The TCPA provides that it is to be "construed liberally to effectuate its purpose and intent fully." *Id*. § 27.011(b).

Appellants filed a motion in the trial court seeking dismissal of Larrea's defamation action against them pursuant to the TCPA. The trial court held a hearing on appellants' motion to dismiss and, in an order dated within thirty days after that hearing, stated limited discovery

should be allowed on certain issues to be completed within ninety days of the date of the order and that a "continuation of the current hearing shall be set within 30 days thereafter, or as soon thereafter as this Court's docket conditions will permit." *Avila I*, 394 S.W.3d at 649. Appellants filed an interlocutory appeal of the trial court's denial of their motion to dismiss Larrea's defamation action against them. *Id*. In that interlocutory appeal, appellants asserted the trial court erred by failing to grant their motion to dismiss on the merits and by authorizing discovery and continuing the hearing on the motion to dismiss.[1] Larrea challenged this Court's jurisdiction over that interlocutory appeal. *Id*. at 650.

We concluded this Court had jurisdiction over that interlocutory appeal and that the trial court erred by denying appellants' motion to dismiss on the merits. *Id*. at 656, 662. We reversed the trial court's order denying appellants' motion to dismiss and rendered judgment dismissing the case pursuant to the TCPA. *Id*. at 662. We remanded this case to the trial court "for consideration of damages and costs pursuant to TCPA section 27.009(a)." *Id*.; *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1).

Following remand, appellants filed their "Motion for Award of Attorney's Fees, Expenses, Sanctions and Court Costs Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code" (attorney's fees motion) in the trial court. In its Memorandum and Order signed after a hearing on appellants' attorney's fees motion, the trial court taxed court costs against Larrea and denied appellants' request for attorney's fees, expenses, and sanctions against Larrea.[2] Appellants filed this appeal of the trial court's judgment denying their attorney's fees motion.

---

[1] During the pendency of that interlocutory appeal, appellants filed a motion in this Court requesting a stay in the trial court of all discovery pending further order from this Court. We granted that motion. *Avila I*, 394 S.W.3d at 652 n.3.

[2] Appellants state in their appellate brief that the trial court denied them court costs. However, the trial court's judgment taxed court costs against Larrea "pursuant to traditional statutory authority." *See* Tex. R. Civ. P. 131 (successful party to a suit shall recover all costs incurred, except where otherwise provided).

**Attorney's Fees, Expenses, and Sanctions**

In their first issue, appellants contend the trial court erred in declining to award them their attorney's fees and expenses, and to impose a sanction against Larrea, because the TCPA requires the award of some amount of attorney's fees and expenses to a defendant successfully moving to dismiss a claim, and imposition of some sanction against the plaintiff whose claim is dismissed, when supported by the evidence of record. In their second issue, appellants argue that even if the TCPA grants a trial court discretion to deny an award of attorney's fees and expenses to a defendant successfully moving to dismiss a claim, the trial court abused its discretion by denying them an award of attorney's fees and expenses on the record of this case.

*Attorney's Fees and Expenses*

Standard of Review

We review the trial court's decision to grant or deny attorney's fees for an abuse of discretion. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004); *Inwood Nat'l Bank v. Wells Fargo Bank, N.A.*, No. 05-13-01689-CV, 2015 WL 1929251, at *8 (Tex. App.—Dallas Apr. 29, 2015, no pet. h.). "The fixing of a reasonable attorney's fee is a matter within the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear abuse of discretion." *Spector Gadon & Rosen, P.C. v. Sw. Secs., Inc.*, 372 S.W.3d 244, 251 (Tex. App.—Dallas 2012, no pet.). We also review a trial court's decision to award or deny recovery of litigation expenses for an abuse of discretion. *Lancer Corp. v. Murillo*, 909 S.W.2d 122, 125–26 (Tex. App.—San Antonio 1995, no writ). A trial court abuses its discretion if it rules without reference to guiding rules or principles. *Van Ness v. ETMC First Physicians*, No. 14-0353, 2015 WL 1870051, at *1 (Tex. Apr. 24, 2015) (per curiam). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Inwood Nat'l Bank*, 2015 WL 1929251, at *4.

<u>Applicable Law</u>

In pertinent part, the TCPA provides:

(a)  If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:

(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a).

<u>Discussion</u>

In its Memorandum and Order, the trial court concluded that an award of attorney's fees and expenses under section 27.009(a)(1) of the TCPA is discretionary, and exercising what it believed to be its discretionary authority, denied *in toto* appellants' request for attorney's fees and expenses.  Appellants argue the trial court erred because an award of attorney's fees and expenses to a prevailing party on a motion to dismiss under chapter 27 is mandatory. Conversely, appellee argues the trial court was correct in concluding an award of attorney's fees and expenses to a prevailing party is not mandatory because section 27.009(a)(1) grants the trial court discretion to evaluate whether justice and equity require the award of such fees and expenses.

After the trial court's Memorandum and Order was signed and this appeal was filed, we issued our opinion in *Cruz v. Van Sickle*, 452 S.W.3d 503 (Tex. App.—Dallas 2014, pet. filed). In *Cruz*, we specifically rejected an argument that an award of attorney's fees under section 27.009(a)(1) of the TCPA is discretionary.  *Id.* at 522.  "Pursuant to the plain wording of the [TCPA]," successful movants for dismissal "are entitled to an award of attorney's fees that is supported by the evidence."  *Id.*  Certain of our sister courts have reached the conclusion that an

award of court costs, attorney's fees, and other expenses incurred in defending against the action is mandatory under section 27.009(a)(1) of the TCPA. *See Schimmel v. McGregor*, 438 S.W.3d 847, 863 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (because movant established his entitlement to dismissal under the TCPA, he was entitled to "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require" under section 27.009(a)(1)); *Sierra Club v. Andrews Cnty.*, 418 S.W.3d 711, 720 (Tex. App.—El Paso 2013) (award of attorney's fees is mandatory under section 27.009(a)(1) of the TCPA if motion for dismissal granted), *rev'd on other grounds*, No. 14-0214, 2015 WL 2148029 (Tex. May 8, 2015); *Fitzmaurice v. Jones*, 417 S.W.3d 627, 634 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (trial court erred by not awarding appellants reasonable attorney's fees as requested by appellants and "required by section 27.009(a)"), *disapproved on other grounds by In re Lipsky*, No. 13-0928, 2015 WL 1870073, at *4 (Tex. Apr. 24, 2015) (orig. proceeding); *see also Sullivan v. Abraham*, No. 07-13-00296-CV, 2014 WL 5140289, at *1 (Tex. App.—Amarillo Oct. 13, 2014, pet. filed) (section 27.009(a)(1) specifies trial court "shall award" fees and expenses to moving party if suit is dismissed; those two words "connote a lack of discretion"); *Rauhauser v. McGibney*, No. 02-14-00215-CV, 2014 WL 6996819, at *8 (Tex. App.—Fort Worth Dec. 11, 2014, no pet.) (award of court costs, attorney's fees, and expenses mandatory under section 27.009(a) of the TCPA);[3] *cf. Combined Law Enf't Ass'n v. Sheffield*, No. 03-13-00105-CV, 2014 WL 411672, at *11 (Tex. App.—Austin Jan. 31, 2014, pet. filed) (mem. op.) ("A trial court may decide that justice and equity do not require that costs, fees, or expenses be awarded . . . .").

---

[3] *See also Hotchkin v. Bucy*, No. 02-13-00173-CV, 2014 WL 7204496, at *5 (Tex. App.—Fort Worth Dec. 18, 2014, no pet.) (mem. op.) (when trial court grants motion to dismiss under the TCPA, "it is required to award 'court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require'").

As successful movants for dismissal of Larrea's action under the TCPA, appellants were statutorily entitled to an award of "reasonable attorney's fees[ ] and other expenses incurred in defending against the legal action as justice and equity may require." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1); *Cruz*, 452 S.W.3d at 522 (pursuant to plain wording of the TCPA, successful movants for dismissal "are entitled to an award of attorney's fees that is supported by the evidence"); *Schimmel,* 438 S.W.3d at 863; *Sullivan*, 2014 WL 5140289, at *1; *see also Rauhauser*, 2014 WL 6996819, at *8. We resolve appellants' first issue in their favor.

In the context of appellants' second issue, we consider whether the trial court's failure to award *any* attorney's fees and expenses to appellants was an abuse of discretion; in other words, we must determine whether the trial court erred in awarding $0 under section 27.009(a)(1) of the TCPA on the basis that "justice and equity" required that result. Appellants argue the trial court abused its discretion by denying their attorney's fees motion where their fee application was supported by comprehensive billing records and expert testimony, the trial court found their lead counsel's billing rate to be reasonable, Larrea filed no written response to their attorney's fees motion and presented no evidence at the hearing on that motion, and Larrea "engaged in meritless motions practice and discovery." Larrea argues on appeal that, "[g]iven the alleged claims, defenses, arguments made by counsel, the constitutional rights of all parties, notions of equity and justice, and the evidence" before the trial court, the trial court, in its sound discretion, properly awarded appellants no attorney's fees or expenses.

Section 27.009(a)(1) provides for award of "reasonable attorney's fees[ ] and other expenses incurred in defending against the legal action as justice and equity may require." TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1). In addition to the statutory limitation that the attorney's fees awarded must be reasonable, the phrase "as justice and equity may require" places an additional limitation on the trial court's award of attorney's fees and other expenses

–7–

requiring that the award be equitable and just. *Cruz*, 452 S.W.3d at 524; *see also Sullivan*, 2014 WL 5140289, at *2 ("Appended to the obligation [of the trial court to award the relief encompassed in section 27.009(a)(1) to a party that successfully moved for dismissal] is the modifier 'as justice and equity may require.'").

Whether the amount of an award of attorney's fees and other expenses incurred in defending against the action is equitable and just is left to the sound discretion of the trial court. *Cruz*, 452 S.W.3d at 526 (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)); *see also Ridge Oil Co.*, 148 S.W.3d at 161 (amount of attorney's fees that are both reasonable and necessary to litigation of declaratory judgment claim presents question of fact; total amount of attorney's fees that are equitable and just presents question of law committed to trial court's discretion) (citing *Bocquet*, 972 S.W.2d at 21). Given the language of section 27.009(a)(1), reasonable attorney's fees and other expenses supported by the evidence must be awarded, yet the fees and expenses awarded "can be no more than what is reasonable but may be less than that in view of pertinent considerations of justice and equity." *Sullivan*, 2014 WL 514089, at *3; *see also Rauhauser*, 2014 WL 6996819, at *8.[4]

At the time of the hearing of their attorney's fees motion, appellants sought attorney's fees in the amount of $246,453, expenses in the amount of $5,418.39, and contingent appellate attorney's fees in the amount of $88,000.[5] Larrea did not file a response or objection to appellants' attorney's fees motion. At the hearing, appellants' lead counsel testified regarding

---

[4] In *Cruz*, we concluded that "the language 'as justice and equity may require' was added by a senate amendment to the house bill's version of section 29.009 to ensure a court could award attorney's fees that were less than what the attorney typically charges, if appropriate." *Cruz*, 452 S.W.3d at 526 (citing House Research Org., Texas House of Representatives, Bill Analysis H.B. 2973 (May 2, 2011)).

[5] Appellants' counsel testified at the hearing on their attorney's fees motion that $50,000 would be reasonably incurred if the trial court's judgment was appealed to this Court, $8,000 would be reasonably incurred if appellants were required to respond to a petition for review filed in the Texas Supreme Court, and $30,000 would be reasonably incurred if briefing and oral submission before the Texas Supreme Court were necessary.

the amounts of attorney's fees and expenses sought.[6] He further testified that the work performed on behalf of appellants was necessary in the defense of the action Larrea filed and in order to resolve the action in appellants' favor and that the attorney's fees and expenses incurred were reasonable and necessary. Documents substantiating appellants' attorney's fees and expenses incurred were admitted in evidence. Larrea did not offer controverting evidence at the hearing of appellants' attorney's fees motion.

The trial court stated in the Memorandum and Order that it had considered and taken judicial notice of appellants' attorney's fees motion, the evidence, and the argument of counsel, and it found appellants failed to "prove that equity and justice require an award" of attorney's fees. The trial court stated attorney's fees, expenses, and costs shall be awarded against a non-prevailing respondent "only 'as justice and equity may require,'" *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1), and the trial court "is not a rubberstamp to a movant's chapter 27 fee request, even if the amount proved is reasonable and necessary—fact questions the [trial court] does not reach here."

The trial court denied appellants' attorney's fees motion, thus awarding appellants no attorney's fees or other expenses incurred in defending against the action. Under section 27.009(a)(1), which mandates an award of reasonable attorney's fees and other expenses that are equitable and just, the trial court abused its discretion by failing to award to appellants *any* attorney's fees and expenses supported by the evidence. *See id.*; *Cruz*, 452 S.W.3d at 522. We do not suggest that uncontroverted evidence will always justify an award of the amount of attorney's fees and other expenses claimed. We recognize a trial court's discretion to award attorney's fees and other expenses in an amount less than or equal to the amount of attorney's

---

[6] In its Memorandum and Order, the trial court specifically noted it "does not question the hourly rate of [appellants'] lead counsel," and that counsel is well known to the trial court "as an exceptional lawyer who enjoys a top-echelon reputation in his areas of practice" and whose "skill and ability are reflected in the results obtained in this case and many others, both in Texas and elsewhere."

fees and other expenses determined by the factfinder to be reasonable and necessary. *See Ridge Oil Co.*, 148 S.W.3d at 161–62. However, here, the trial court made no finding regarding the reasonable amount of attorney's fees and other expenses appellants incurred in defending against Larrea's claims, and despite the mandatory language of section 27.009(a)(1) and the evidence in the record of attorney's fees and other expenses appellants incurred in defending against Larrea's claims, the trial court concluded justice and equity supported no recovery of attorney's fees and other expenses by appellants.

The plain language of section 27.009(a)(1) mandates that appellants, as successful movants for dismissal, are entitled to an award of reasonable attorney's fees and other expenses incurred in defending against the action that is supported by the evidence. *See Cruz*, 452 S.W.3d at 522. While the statute affords the trial court discretion to adjust downward reasonable attorney's fees and other expenses incurred in defending against the action as justice and equity may require, the statute does not afford discretion to award *no* attorney's fees and other expenses when the amount of reasonable fees and other expenses incurred in defending against the action are supported by record evidence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1). On this record, we conclude the trial court abused its discretion by awarding *no* attorney's fees and other expenses incurred in defending against the action to appellants. We resolve appellants' second issue in their favor.

*Sanctions*

In their attorney's fees motion, appellants requested that the trial court award sanctions against Larrea "sufficient to deter [Larrea] from bringing similar actions." The record reflects no evidence was offered at the hearing of appellants' attorney's fees motion specifically in support of the request for sanctions. The trial court noted in its Memorandum and Order that "the amount of sanctions sought by [appellants'] motion is unspecified, and no evidence or argument

–10–

was had on that issue during the hearing [of appellants' attorney's fees motion]," and the trial court found "that no sanctions are necessary to deter Larrea from filing any similar action." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(2).

Although in their first issue appellants contend sanctions are mandatory under the TCPA, they do not contest the trial court's finding "that no sanctions are necessary to deter Larrea from filing any similar action." At oral submission of this appeal, appellants' counsel advised the Court that appellants were "not interested in sanctions" and "would waive sanctions." Therefore, we do not address appellants' argument that an award of sanctions under the TCPA is mandatory and that the trial court erred by denying appellants' request in their attorney's fees motion for sanctions against Larrea. Accordingly, we affirm the portion of the trial court's judgment denying appellants' motion for sanctions against Larrea.

### Conclusion

We affirm the portion of the trial court's judgment denying sanctions against Larrea. We reverse the portion of the trial court's judgment denying an award of attorney's fees and other expenses incurred in defending against the action to appellants. We remand this cause to the trial court for award to appellants of reasonable attorney's fees and other expenses incurred in defending against the action as justice and equity may require pursuant to section 27.009(a)(1) of the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1).

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

140631F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VIRGILIO AVILA AND UNIVISION
TELEVISION GROUP, INC., Appellants

No. 05-14-00631-CV     V.

F.B. LARREA, Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-11-10828.
Opinion delivered by Justice Fillmore,
Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED in part** and **REVERSED in part**. We **AFFIRM** the trial court's denial of sanctions against appellee F.B. Larrea. We **REVERSE** the trial court's denial of an award of attorney's fees and expenses to appellants Virgilio Avila and Univision Television Group, Inc. We **REMAND** this cause to the trial court for award to appellants of reasonable attorney's fees and other expenses incurred in defending against the legal action as justice and equity may require pursuant to section 27.009(a)(1) of the Texas Citizens Participation Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1) (West 2015).

It is **ORDERED** that appellants recover their costs of this appeal from appellee.

Judgment entered this 23rd day of June, 2015.