# IN THE SUPREME COURT OF TEXAS

════════════
No. 14-0987
════════════

MICHAEL QUINN SULLIVAN, PETITIONER,

v.

SALEM ABRAHAM, RESPONDENT

════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS
════════════════════════════════════════════════

**Argued January 14, 2016**

JUSTICE DEVINE delivered the opinion of the Court.

The Texas Citizens Participation Act provides for the expedited dismissal of a legal action that implicates a defendant's right of free speech or other First Amendment right when the party filing the action cannot establish the Act's threshold requirement of a prima facie case. TEX. CIV. PRAC. & REM. CODE § 27.005. A successful motion to dismiss under the Act entitles the moving party to an award of court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action. *Id*. § 27.009(a). The trial court in this case granted the motion and awarded these costs, fees, and expenses. The prevailing party was dissatisfied with the award, however, and appealed, arguing that it did not conform to the statute's requirements. The court of appeals affirmed. 472 S.W.3d 677 (Tex. App.—Amarillo 2014). Because the courts below used the wrong standard in determining the attorney's fees part of the award, we reverse and remand.

I

Salem Abraham sued Michael Quinn Sullivan for defamation. Sullivan generally denied the claim and moved to dismiss the suit under the Texas Citizens Participation Act (TCPA). The TCPA provides an expedited procedure for the dismissal of certain legal actions directed at a party's free speech or other First Amendment right. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001-.011. If the court orders dismissal, the Act further provides for the award of court costs, attorney's fees, and other expenses, as well as sanctions "sufficient to deter" future "similar actions." *Id*. § 27.009(a).

Under this provision, Sullivan requested $67,290.00 in attorney's fees, $4,381.01 in costs and expenses, and sanctions. After a hearing on Sullivan's motion, the trial court issued a letter ruling, granting dismissal and announcing "that justice and equity necessitate Defendant's recovery of reasonable attorney's fees in the amount of $6,500.00 and costs in the amount of $1,500.00." The court also denied sanctions in the letter ruling. The court thereafter signed its formal order, clarifying that the $1,500.00 identified in the letter ruling was for expenses and that Sullivan should also recover court costs. Although the judgment generally favored Sullivan, he nevertheless appealed to challenge the inadequacy of the court's award of attorney's fees and expenses, and the court's failure to award sanctions.

The court of appeals affirmed the trial court's award of attorney's fees and expenses, but reversed and remanded for the trial court to reconsider its decision to deny sanctions. 472 S.W.3d at 683. The appellate court concluded that the TCPA made an award of sanctions mandatory but tempered "the quantum or extent of the sanction . . . by what the trial court 'determines sufficient'" to deter similar actions. *Id*. (citing TEX. CIV. PRAC. & REM. CODE § 27.09(a)(2). The court further

concluded the TCPA required an award of "reasonable attorney's fees" but also conferred on the trial court discretion to award a lesser amount if "justice and equity" so required. *Id*. at 681-82. The appellate court's analysis purported to follow *Bocquet v. Herring*, 972 S.W.2d 19 (Tex. 1998), a case that involved an award of attorney's fees under the Declaratory Judgments Act. *Id*. at 681. Sullivan perfected an appeal to this Court; Abraham did not.

II

Sullivan argues the court of appeals' reliance on *Bocquet* is misplaced because attorney's fees are determined differently under the Declaratory Judgments Act than under the TCPA. Sullivan submits that a fee award under the TCPA is mandatory and measured simply by reasonableness, whereas a fee award under the Declaratory Judgments Act is permissive and subject to four express limitations—that it be "reasonable and necessary" and also "equitable and just." *Compare* TEX. CIV. PRAC. & REM. CODE § 27.009(a)(1), *with id*. § 37.009.

We agree the two statutes are different. The Declaratory Judgments Act provides:

> In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.

*Id*. § 37.009. The TCPA, by comparison, provides in relevant part:

> (a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party: (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and (2) sanctions . . .

*Id*. § 27.009(a). The distinctions noted by Sullivan are there, but the respective statutes also both incorporate notions of justice and equity.

3

In *Bocquet*, we concluded that section 37.009 of the Declaratory Judgments Act imposed four limitations on the court's discretion to award attorney's fees, requiring a multi-faceted appellate review because the limitations involved both evidentiary and discretionary matters. *Bocquet*, 972 S.W.2d at 21. In describing this review, we said:

> Therefore, in reviewing an attorney fee award under the Act, the court of appeals must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence that fees were reasonable and necessary, or when the award was inequitable or unjust. Unreasonable fees cannot be awarded, even if the court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees.

*Id*. Borrowing from this analysis, the court of appeals here concludes that attorney's fees under the TCPA similarly "can be no more than what is reasonable but may be less than that in view of pertinent considerations of justice and equity." 472 S.W.3d at 681-82. The court's analysis thus assumes that limitations of "justice and equity" apply to attorney's fees under the TCPA and that the trial court therefore possessed the discretion to award something less than a reasonable attorney's fee.

Sullivan complains that the court's analysis is incorrect because considerations of "justice and equity" under the TCPA only apply to the trial court's award of "other expenses," and not to "reasonable attorney's fees." He submits the provision's grammatical structure confirms this construction. Abraham argues to the contrary, but also responds that Sullivan waived this argument by not raising it below. We disagree.

Although Sullivan has further refined his argument in this Court, his complaint in the court of appeals was adequate to preserve the issue for our review. *See Weeks Marine, Inc. v. Garza*, 371

4

S.W.3d 157, 162 (Tex. 2012) ("Appellate courts must treat the statement of an issue 'as covering every subsidiary question that is fairly included.'") (quoting TEX. R. APP. P. 38.1(f)).  In the court of appeals, Sullivan argued entitlement to all his costs and reasonable attorney's fees, thus rejecting the notion that the trial court possessed discretion to adjust the amount of reasonable attorney's fees "as justice and equity may require."  We turn then to the statutory text.

The parties rely on different canons of statutory construction to advance their respective positions.  Abraham relies on the series-qualifier canon, which provides that "[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 147 (2012).  Under this canon, the phrase "as justice and equity may require" would modify all three items in the series.

By contrast, Sullivan relies on the last-antecedent canon, which provides "that a qualifying phrase in a statute or the Constitution must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied." *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000).  Under this canon, the phrase "as justice and equity may require" would only modify the last item in the series.

Either canon might reasonably apply to this text, but they cannot both apply because they point in different directions.  And thus, without more, neither aids in our understanding of the statute.  Sullivan, however, also argues that the Legislature's use of punctuation confirms his reading of the statue.

5

"Punctuation is a permissible indicator of meaning." SCALIA & GARNER, *supra* at 161 (citing *United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc*., 508 U.S. 439, 454 (1993)). Indeed, punctuation "will often determine whether a modifying phrase or clause applies to all that preceded it or only to a part." *Id.* Thus, "[p]roperly placed commas [c]ould cancel the last antecedent canon" and vice versa. *Id.* Scalia and Garner offer the following example: "You will be punished if you throw a party, or engage in any other activity, that damages the house." *Id.* The comma after "activity" does substantial work: It signals that the phrase "that damages the house" modifies both "party" and "any other activity." *Id*. at 162. Absent the comma after "activity," the last-antecedent canon would be triggered and the phrase "that damages the house" would modify only "any other activity." *Id*.

Applying this example to the statutory text here, the insertion of a comma before "as justice and equity may require," would have indicated that the phrase was to modify the entire series. Thus, had this been the Legislature's intent, the statute would have read that the court shall award: "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action[,] as justice and equity may require." Similarly, the Legislature could have inserted a comma after "other expenses" to indicate that the phrase "incurred in defending the legal action as justice and equity may require" was to modify all items in the series. But the statute does not include a comma after "other expenses" or after "legal action," and their absence indicates an intent to limit the justice-and-equity modifier to the last item in the series.

But Abraham argues that the last item in the list is simply "other expenses" and that the phrase "incurred in defending against the legal action" modifies all three of the preceding items. In

6

this regard, Abraham directs our attention to *Cruz v. Van Sickle*, 452 S.W.3d 503 (Tex. App.—Dallas 2014, pet. denied). In that case, the court of appeals found the last-antecedent rule of construction "neither controlling nor inflexible," and concluded that it was senseless to limit the phrase to other expenses or require the Legislature to repeatedly place incurred after each of the three items to express the requirement. *Id*. at 523. But as Scalia and Garner explain such repetition was unnecessary. *See* SCALIA & GARNER, *supra* at 161-62. The insertion of a comma after "other expenses" would have separated the last item from the descriptive phrase that follows, indicating its application to the entire list. *See id*.

Abraham argues, however, that the phrase "incurred in defending the legal action" must apply to all three items in the series, because construing the statute to allow awards of "court costs" and "reasonable attorney's fees" that were not "incurred in defending the legal action" would be senseless. And, he contends, if "incurred in defending the legal action" modifies all items in the series, then the phrase "as justice and equity may require" must similarly modify all three, because both phrases appear together after the third item in the series and are not separated by a comma. Abraham's argument, however, overlooks the inclusion of the word "other." By referring to court costs, reasonable attorney's fees, and "other expenses incurred," the statute reflects both that costs and attorney's fees are "expenses" and that they must all be "incurred in defending the legal action." In other words, "court costs" and "reasonable attorney's fees" are "expenses incurred in defending the legal action" and are thus recoverable, and "other expenses incurred in defending the legal action" are also recoverable, but only "as justice and equity may require."

7

Sullivan further points to the use of the Oxford comma as indicative of legislative intent to limit the justice-and-equity modifier. The Oxford or serial comma is the comma placed immediately before the coordinating conjunction in a series of three or more terms. *See, e.g.*, THE CHICAGO MANUAL OF STYLE § 6.19, at 245 (15th ed. 2003). Here, it is the comma placed after the phrase "reasonable attorney's fees" and before the coordinating conjunction "and," which separates the second and third terms in the series. Sullivan submits that had the Legislature intended for there to be an equitable-and-just relationship between reasonable attorney's fees and other expenses, it would have omitted the Oxford comma. Although the use of the Oxford comma is not definitive, we agree that its use here together with the inclusion of the word "other" and the absence of the other comma, as in Scalia & Garner's example above, indicate the Legislature intended to limit the justice-and-equity modifier to other expenses.

Finally, Abraham points to a House Bill Analysis Report, on which the *Cruz* court relied in interpreting the TCPA. Under the section describing the bill's opponent's position, the report noted that a companion bill in the Senate included the phrase "as justice and equity may require" and that this "language should be added to the House bill to ensure a court could award attorney fees that were lower than what the attorney typically charges, if appropriate." *See Cruz,* 452 S.W.3d at 526 (quoting House Research Org., Texas House of Representatives, Bill Analysis H.B. 2973 (May 2, 2011)). The court observed that it could "consider legislative history when construing a statue whether or not the statute is ambiguous." *Id.* at 526 n.39 (citing TEX. GOV'T CODE § 311.023(3)). We, however, do not resort to extrinsic aides, such as legislative history, to interpret a statute that is clear and unambiguous, *City of Round Rock v. Rodriguez,* 399 S.W.3d 130, 137 (Tex. 2013),

8

because the statute's plain language "is the surest guide to the Legislature's intent." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012).

Based on the statute's language and punctuation, we conclude that the TCPA requires an award of "reasonable attorney's fees" to the successful movant. *See* TEX. CIV. PRAC. & REM. CODE § 27.009(a)(1). A "reasonable" attorney's fee "is one that is not excessive or extreme, but rather moderate or fair." *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). That determination rests within the court's sound discretion, but that discretion, under the TCPA, does not also specifically include considerations of justice and equity. The trial court accordingly erred by including these considerations in its attorney's fee award, and the appellate court likewise erred in recognizing them as part of its standard of review.

III

Sullivan also argues that we should render judgment for "reasonable attorney's fees" rather than remand to the trial court because his attorney's affidavit was the only evidence of such fees. The parties apparently agreed attorney's fees would be proved up under a lodestar approach. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760-65 (Tex. 2012). In *El Apple*, we said that "[t]he starting point for determining a lodestar fee award is the number of hours 'reasonably expended on the litigation.'" *Id.* at 762 (quoting *Hensley v. Eckenhart*, 461 U.S. 424, 437 (1983)). We further said that the party applying for the award bears the burden of proof, which "includes, at a minimum, documentation of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *Id.* at 762, 764. The proof must be sufficient to permit a court "to perform a meaningful review of their fee application." *Id.* at 764.

9

We have subsequently condemned "generalities about tasks performed" and specifically said that, "without any evidence of the time spent on specific tasks," the trial court does not have sufficient information to meaningfully review the fee application. *Long v. Griffin*, 442 S.W.3d 253, 255–56 (Tex. 2014) (per curiam); *accord City of Laredo v. Montano*, 414 S.W.3d 731, 736-37 (Tex. 2013) (per curiam).

Contrary to Sullivan's argument, Abraham controverted Sullivan's attorney's affidavit, challenging its specificity and reasonableness, among other things. But the trial court did not consider the sufficiency of the parties' competing affidavits or otherwise weigh the evidence because the court applied the wrong standard; it awarded an equitable and just amount for attorney's fees rather than the required reasonable amount. We accordingly must remand the case to the trial court for its determination of "reasonable attorney's fees" under the appropriate standard.

\* \* \*

The court of appeals' judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

_____
John P. Devine
Justice

Opinion delivered: April 15, 2016

10