

# NUMBER 13-18-00011-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CITY OF PORT ARANSAS, TEXAS,
CHARLES R. BUJAN, MAYOR, AND
DAVID PARSONS, CITY MANAGER,                          Appellants,

v.

JULIE SMITH SHODROK,                                  Appellee.

## On appeal from the County Court at Law No. 1
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellants, the City of Port Aransas (the City), Mayor Charles R. Bujan, and City

Manager David Parsons, appeal the trial court's final judgment in favor of appellee Julie

Smith Shodrok. By three issues, appellants contend the trial court erred by dismissing

the City's claims under the Texas Citizens Participation Act (TCPA) because it proved its prima facie case by clear and specific evidence; Shodrok was not entitled to attorney's fees; and monetary awards are barred by governmental immunity. We reverse and render.

## I.  BACKGROUND

Shodrok is a resident of Port Aransas, Texas. On July 6, 2017, she and her husband met with the mayor in his office to discuss issues pertaining to the City. The mayor and Shodrok consented to recording their discussion, so Shodrok used the recording function on her cell phone to record the meeting. At the start of the meeting, she connected her cell phone to a charger, plugged it into an electrical outlet, began recording, and placed her phone on the floor.

At the conclusion of the meeting three hours later, the Shodroks left the mayor's office without Shodrok's phone. The city manager then entered the mayor's office, and the two held a private conversation while Shodrok's phone continued to record. Approximately four minutes later, while the mayor and city manager continued to converse, Shodrok returned to retrieve her phone.

After reviewing the contents of the recording, Shodrok discovered her recorder had recorded the mayor and city manager's private conversation. Subsequently, she "expressed her frustration" about their private conversation on a social media website and another internet site in addition to e-mailing five city council members.[1]

On July 21, 2017, the City sued Shodrok for allegedly violating the Texas Interception of Communications Act (TICA). *See* TEX. CIV. PRAC. & REM. CODE ANN.

---

[1] We note that her postings on social media and e-mails are not included in the record.

§§ 123.001–.004. Shodrok moved to dismiss on two grounds: the TCPA, also known as the anti-SLAPP (strategic lawsuits against public participation) statute, and Texas Rules of Civil Procedure 91a. *See id*. § 27.003;[2] TEX. R. CIV. P. 91a. She also requested sanctions, court costs, and attorney's fees under the TCPA, Rule 13 of the Texas Rules of Civil Procedure, and Chapters 9 and 10 of Texas Civil Practice and Remedies Code.[3]

The City filed a "Notice of Non-Suit" on its TICA claim against Shodrok on September 27, 2017 while Shodrok continued her pursuit for affirmative relief. *See* TEX. R. CIV. P. 164. On December 14, 2017, the trial court held a hearing on Shodrok's motion to dismiss and her requested relief. Three days later, the trial court entered a "Final Judgment and Order on Julie Smith Shodrok's Attorneys Fees and Sanctions – Chapter 27 (TCPA)" awarding attorney's fees, costs, and sanctions against the City.[4] This appeal followed.

## II.    TEXAS CITIZENS PARTICIPATION ACT

The purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. It is to "be construed liberally to effectuate its purpose and

---

[2] The Texas Legislature recently amended the TCPA, but the amendments apply only to "an action filed on or after" September 1, 2019. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. Because this suit was filed before that date, the prior version of the statute applies here. *See id.* In this memorandum opinion, citations to the TCPA are to the version in effect before the September 2019 amendments.

[3] On April 18, 2018, Shodrok filed a nonsuit on her pending claims related to Rule 13 of the Texas Rules of Civil Procedure and Articles 9 and 10 of the Texas Civil Practice and Remedies Code.

[4] The City filed a "Notice of Non-Suit" on its TICA claim against Shodrok on September 27, 2017 while Shodrok continued to pursuer affirmative relief. *See* TEX. R. CIV. P. 164.

intent fully," but it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." *Id*. § 27.011.

The TCPA provides a procedure for the expedited dismissal of "retaliatory lawsuits that seek to intimidate or silence [citizens] on matters of public concern." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). The Act provides that

> [a] two-step process is initiated by motion of a defendant who believes that the lawsuit responds to the defendant's valid exercise of First Amendment rights. Under the first step, the burden is initially on the defendant-movant to show "by a preponderance of the evidence" that the plaintiff's claim "is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the movant is able to demonstrate that the plaintiff's claim implicates one of these rights, the second step shifts the burden to the plaintiff to "establish[ ] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id*. § 27.005(c).

*Id*. And even if the nonmovant makes this showing, the trial court must dismiss the case if the movant "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d). When determining whether to dismiss the legal action, the court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id*. § 27.006(a).

A prima facie standard generally requires only the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Lipsky*, 460 S.W.3d at 590 (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per curiam)). "Prima facie evidence is evidence that, until its effect is overcome by other evidence, will suffice as proof of a fact in issue. In other words,

4

a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party." *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citation omitted), *disapproved on other grounds by In re Lipsky,* 460 S.W.3d at 587–88.

In *In re Lipsky*, the supreme court explained that the phrase "clear and specific evidence" neither imposes a heightened evidentiary burden nor categorically rejects the use of circumstantial evidence when determining the plaintiff's prima-facie-case burden under the TCPA. 460 S.W.3d at 591. "[A] plaintiff must provide enough detail to show the factual basis for its claim." *Id*.

### III.   STANDARD OF REVIEW

"We consider de novo the legal question of whether the movant has established by a preponderance of the evidence that the challenged legal action is covered under the Act." *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.) (citing *Rehak Creative Servs.*, 404 S.W.3d at 725). "We also review de novo a trial court's determination of whether a nonmovant has presented clear and specific evidence establishing a prima facie case for each essential element of the challenged claims." *Id*. (citing *Rehak Creative Servs.*, 404 S.W.3d at 726).

### IV.   PRIMA FACIE ANALYSIS

By its first issue, the City argues that it satisfied its burden to establish by clear and specific evidence a prima facie case for its TICA claim.

### A.   Clear and Specific Evidence of Prima Facie Case—The City's Burden

We need not address the first step of the TCPA test as it is not dispositive. We therefore address the second step—whether the City has met its burden of "establishing

5

by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). In making this determination, we consider the pleadings and any supporting and opposing affidavits. *Lipsky*, 460 S.W.3d at 587.

In its live pleadings, the City alleged claims under TICA § 123.002(a)(1) and/or (a)(2). To prevail on a cause of action under those provisions, a plaintiff must prove the defendant: (1) intercepted or attempted to intercept, or employed or obtained another to intercept or attempt to intercept a communication or (2) used or divulged information that she knew or reasonably should have known was obtained by interception of the communication. TEX. CIV. PRAC. & REM. CODE ANN. § 123.002(a)(1); *see also Estate of Alex through Coker v. T-Mobile US, Inc.*, 313 F. Supp 3d 723, 731 (N.D. Texas 2018); *City of Oak Ridge North v. Mendes*, 339 S.W.3d 222, 233 (Tex. App.—Beaumont 2011, no pet.). "Communication" is defined as "speech uttered by a person or information including speech that is transmitted in whole or in part with the aid of a wire or cable." TEX. CIV. PRAC. & REM. CODE ANN. § 123.001(2).

According to the City's pleadings, Shodrok and the mayor consented to recording their conversation. Shodrok used the recording application on her cell phone to record this meeting. At the conclusion of the meeting, Shodrok departed without the recording device. The City states the city manager entered the mayor's office and closed both office doors in order to communicate privately. The two held a private conversation. Meanwhile, Shodrok's recording device continued to record; the city manager and Mayor were unaware their conversation was being recorded. After Shodrok retrieved her recording device, she discovered the communication between the city manager and

6

mayor. The City asserted that she used information which she intercepted regarding the city manager and the mayor's private communication and broadcasted it on social media and in an e-mail to the City's commission. We note that Shodrok does not dispute these facts.[5] Instead, Shodrok argues that there is no interception because "the City consented to the recording and it was accidentally left running for four more minutes."

"Interception" is "the aural acquisition of the contents of a communication through the use of an electronic, mechanical, or other device that is made without the consent of a party to the communication . . . ." *Id*. § 123.001(2).[6] In this regard, Shodrok admits the use of her cell phone as an electronic device. Although the mayor initially consented to recording the meeting between Shodrok and himself, the evidence established that this consent did not extend to recording a separate conversation between the mayor and city manager at the conclusion of Shodrok's meeting to which Shodrok was not a party. *See Allen v. Mancini*, 170 S.W.3d 167, 173 (Tex. App.—Eastland 2005, pet. denied) (holding that appellants "first would have to show that the tape recording was made without the consent of a party to the communication"). In fact, Shodrok admits that her recording device was recording "unbeknownst" to the city manager and mayor. Thus, it is undisputed that neither the mayor nor the city manager consented to Shodrok recording

---

[5] According to Shodrok, as a result of the "unprofessional" communication between the mayor and city manager, she "truly believe[s] that there was and is a public concern," and "[a]ny expression by [her], of this public concern as it relates to the additional four minute recording has been an expression of [her] United States Constitution First Amendment right of free speech." Similarly, Shodrok does not dispute transmitting an e-mail to five city council members.

[6] The Texas Legislature recently amended the TICA, but the amendments took effect on January 1, 2019. Act of May 29, 2017, 85th Leg., ch. 1058, § 3.02, (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 123.001(2)). Because this suit was filed before that date, the prior version of the statute applies here. *See id*. In this memorandum opinion, citations to the TICA are to the version in effect before the September 2019 amendments.

their conversation in the mayor's office.

Moreover, Shodrok argues that "although the mens rea element of the [TICA] is not explicitly defined in the statute, . . . the Legislature intended to provide for liability only when an interception is intentional," and the fact that she left her recording device behind "was simply an accident." However, § 123.002 does not require proof of intent or any other state of mind.[7] Shodrok relies on previous versions of the federal wiretapping statute to support her argument, which requires that a person act "intentionally."[8] TICA contains no such requirement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 123.002(1).

Next, Shodrok asserts that the recorded conversation between the city manager and the mayor is not a "protected 'communication' within the meaning of Chapter 123" because they "exposed their conversation to 'plain view' and knew or should have known they were being recorded." Her argument is without merit as the statute does not require an expectation of privacy. The conversation between the mayor and city manager was a communication for purposes of TICA because it was "speech uttered by a person." *Id*. § 123.001(1). In his affidavit, the city manager stated that he closed both doors to the mayor's office intending to have a private conversation with him and therefore the evidence established that the communication was not in "plain view." As he and the mayor were privately communicating, Shodrok entered to retrieve her recording device, and as previously stated, it is undisputed that the mayor and city manager were not aware

---

[7] By contrast, § 16.02 of the Texas Penal Code, entitled "Unlawful Interception, Use, or Disclosure of Wire, Oral, or Electronic Communications," reads: "A person commits an offense if the person . . . : (1) *intentionally* intercepts, endeavors to intercept, or procures another person to intercept or endeavor to intercept a wire, oral, or electronic communication . . . ." TEX. PENAL CODE ANN. § 16.02(b)(1) (emphasis added).

[8] We note that the current federal wiretapping statute requires that a person act intentionally. *See* 18 U.S.C.A. § 2511.

of the recording. In any event, TICA does not require a showing that the communication was private or that the parties to the communication believed it to be so.

Last, Shodrok contends that § 123.002 requires the "use" or "disclosure" of the recording, and because Shodrok did not "use" or "disclose" the contents of the recording, the City cannot meet its burden. However, the mayor and city manager alleged in affidavits that Shodrok "used or divulged" portions of the intercepted information in social media posts and emails.

Thus, based on the foregoing, we conclude that the City established by clear and specific evidence a prima facie case that (1) Shodrok intercepted (2) a communication uttered by the city manager and mayor (3) to which she was not a party (4) by using a recording device. *See id*. § 123.002(a)(1); *Lipsky*, 460 S.W.3d at 590 (holding that a TCPA nonmovant is only required to adduce evidence to support a rational inference that the allegation of fact is true); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.,* 416 S.W.3d 71, 80 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (observing that a prima facie case requires only a minimum quantum of evidence necessary to support the rational inference that allegation of fact is true).

## B. Valid Defense—Shodrok's Burden

Because the City "provided enough detail to show the factual basis for its claim," the burden then shifted to Shodrok, who could have still obtained dismissal if she had "establishe[d] by preponderance of the evidence each essential element of a valid defense to the City's claim." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d); *see Lipsky*, 460 S.W.3d at 591. As her defense, Shodrok asserted that the City's claims were barred

9

by "consent, statute, and the Constitution of the United States." However, we have already determined that these arguments fail.[9]

Shodrok also generally asserted waiver of governmental immunity and attorney-client privilege. However, Shodrok provided no legal analysis to the trial court in her response to the City's claim. Nonetheless, whether the City waived governmental immunity has no bearing on whether Shodrok has a valid defense to the City's TICA claim. Moreover, to the extent Shodrok argued that she disclosed the communication to her attorney and therefore the attorney-client privilege applies, that argument has no merit because the City need not prove that Shodrok disclosed the contents of the interception to anyone. *See* TEX. CIV. PRAC. & REM. CODE ANN. §123.002(a)(1). Therefore, Shodrok has not established by a preponderance of the evidence a valid defense to the City's claim, we sustain the City's first issue. *See id*. § 27.005(d); *see Lipsky*, 460 S.W.3d at 591.

## V.    ATTORNEY'S FEES AND COSTS

By its last issue, the City asserts the trial court erred in awarding attorney's fees and $1.00 in sanctions.

Section 27.009(a)(1) of the Texas Civil Practice and Remedies Code states:

[I]f the court orders dismissal of a legal action under this chapter, the court: (1) shall award to the moving party court costs and reasonable attorney's fees incurred in defending against the legal action; and (2) may award to the moving party sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

---

[9] The mayor and city manager did not consent to the recording; the statute does not require intent; and Shodrok's First Amendment right argument is inapplicable to the City's TICA claim.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1). Because the trial court erred in granting Shodrok's motion to dismiss, she is not entitled to attorney's fees under the TCPA, and the sanctions award is not authorized. *See id.; Cf. Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) ("[W]e conclude that the TCPA requires an award of 'reasonable attorney's fees to the successful movant."). Accordingly, we sustain the City's second issue.[10]

## VI.    CONCLUSION

We reverse the trial court's judgment, and we render judgment that Shodrok take nothing on her request for attorney's fees and sanctions.

JAIME TIJERINA,
Justice

Delivered and filed the
21st day of November, 2019.

---

[10] Having sustained the City's first two issues, we need not address the City's third issue as it is not dispositive. *See* TEX. R. APP. P. 47.1.

11