**AFFIRMED; Opinion Filed March 31, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00723-CV

**MICHAEL AMEND AND LOWE'S COMPANIES, INC., Appellants**
**V.**
**J.C. PENNEY CORPORATION, INC., Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-00257-2019**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Michael Amend and Lowe's Companies, Inc. appeal the trial court's denial of

their motion to dismiss the legal claims of J.C. Penney Corporation, Inc. Appellants

contend they were entitled to dismissal of Penney's claims under the Texas Citizens

Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001–.011.[1]

---

[1] The Texas Legislature amended the TCPA effective September 1, 2019. Those amendments apply to "an action filed on or after" that date. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. Because the underlying lawsuit was filed before September 1, 2019, the law in effect before September 1 applies. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, §§ 1–3, 5, 2013 Tex. Gen. Laws 2499–2500. All citations to the TCPA are to the version before the 2019 amendments took effect.

We conclude the evidence supported finding appellants failed to meet step one of the TCPA.  We affirm the trial court's order denying appellants' motion to dismiss.

## BACKGROUND

Amend worked for Penney from 2015 to 2018.  While there, Amend signed a Termination Pay Agreement that contained confidentiality, non-competition, and non-solicitation agreements.  The confidentiality agreement prohibited Amend from disclosing Penney's confidential information to anyone not employed by Penney or from using the information to compete against Penney.  The non-solicitation agreement prohibited Amend, while he was employed at Penney and for eighteen months thereafter, from persuading or inducing Penney's employees to give up their positions at Penney.  The non-competition agreement prohibited Amend from working for eighteen months after leaving Penney for a "Competing Business" in a position involving "the performance of similar duties or oversight responsibilities as those" he performed at Penney.  The agreement defined "Competing Business" as including any retail business selling goods of the type sold by Penney.

In 2018, Penney eliminated Amend's position and terminated him.  Two months later, Penney's CEO, Marvin Ellison, left Penney and became CEO of Lowe's.  Amend contacted Ellison about working at Lowe's, and Amend became Lowe's President of Online.  Amend began working at Lowe's in December 2018.

Penney filed suit against appellants on January 15, 2019.  Penney sued Amend for breach of contract for violating the Termination Pay Agreement "by

impermissibly competing with JCP, soliciting JCP's employees, and/or using or disclosing JCP's confidential information without authorization." Penney sued Lowe's for tortious interference with contract alleging Lowe's induced Amend to violate the confidentiality, non-solicitation, and non-competition agreements. Penney seeks damages and injunctive relief.

On January 31, 2019, appellants moved for dismissal of Penney's claims. Appellants asserted that Penney's claims were based on, related to, or in response to appellants' exercise of their right of association or free speech. Penney filed a response to the motion. The trial court held a hearing on appellants' motion to dismiss and denied the motion.

## TEXAS CITIZENS PARTICIPATION ACT

In their issue on appeal, appellants contend the trial court erred by denying their motion to dismiss Penney's legal actions against them.

The TCPA permits a defendant to move for dismissal of a legal action that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." CIV. PRAC. § 27.003(a). The statute's purpose "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002; *see In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) ("The TCPA's purpose is to identify and

–3–

summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits.").

This summary procedure requires a trial court to dismiss suits, or particular claims within suits, that demonstrably implicate those statutorily protected rights, unless the nonmovant makes a prima facie showing that the claims have merit. *Sullivan v. Abraham*, 488 S.W.3d 294, 295 (Tex. 2016); *see* CIV. PRAC. § 27.005(b).

The procedure for the motion to dismiss has three steps. First, the movant must prove by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the movant's exercise of the right of free speech, the right to petition, or the right of association. CIV. PRAC. § 27.005(b). If the movant does not meet this burden, the motion fails.

Second, if the movant satisfies the first step, the nonmovant must establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmovant fails to meet this burden, the trial court must dismiss the claim. *Id.* § 27.005 (b), (c).

Third, if the nonmovant meets its step-two burden and the movant has asserted a defense, the movant must establish by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claims. *Id.* § 27.005(d).

We review de novo a trial court's denial of a TCPA dismissal motion, including whether the TCPA applies to the underlying suit. *See Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). We consider the pleadings and opposing

affidavits in the light most favorable to the nonmovant. *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied).

To meet step one, the movant for dismissal must establish a nexus between the legal action and the movant's exercise of the protected right. *Id.* at 428; *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 879 (Tex. App.—Austin 2018, pet. denied). "[T]o trigger the TCPA's protection, the 'legal action' must be 'factually predicated on the alleged conduct that falls within the scope of [the] TCPA's definition of 'exercise of the right of free speech,' petition, or association.'" *Dyer*, 573 S.W.3d at 428 (quoting *Grant*, 566 S.W.3d at 879).

### The Communications

Appellants assert that Penney's claims are based on, related to, or in response to these communications:

1. Amend allegedly breached the Termination Pay Agreement's confidentiality agreement by "using," i.e., communicating, Penney's confidential information;

2. Amend allegedly breached the non-solicitation covenant by soliciting Penney's employees;

3. Amend allegedly breached the covenant not to compete by communicating his acceptance of the position of Lowe's President of Online; and

4. Amend allegedly breached the covenant not to compete by acting as Lowe's President of Online because the position entails making public communications to promote Lowe's and its products.

Appellants assert that Penney's allegations against Lowe's were based on Lowe's communications with Amend because Penney alleged Lowe's "assisted" and "encouraged" his breach of the agreements.

**Exercise of the Right of Association**

Appellants assert they met step one of the TCPA because Penney's claims are based on, related to, or in response to their exercise of the right of association. "'Exercise of the right of association' means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Civ. Prac. § 27.001(2). Exercise of the right of association requires that the "nature of the communication between individuals who join together must involve public or citizen's participation." *Dyer*, at 426 (internal quotation marks omitted).

Appellants argue their communications constituted exercise of the right of association because they "involve communications in the pursuit of common interests—Amend's and Lowe's mutual gain and the promotion of Lowe's products." Appellants do not explain how the first three allegations involve public or citizen's participation, which is necessary for the communications to constitute the exercise of the right of association. *See Dyer*, 573 S.W.3d at 426. Therefore, these claims are not based on, related to, or in response to appellants' exercise of the right of association.

Concerning the fourth allegation, Amend's public communications promoting Lowe's and its products, appellants state, "The communications Amend crafts as President of Online reach orders of magnitude more of the 'public' than those examples," citing other cases. Even if public communications supporting a retailer or its products could constitute public or citizen's participation, appellants would still have to produce evidence that Penney's suit was based on, related to, or in response to those communications.

Penney sued Amend because he took a position with a "Competing Business" that involved "similar duties or oversight responsibilities." Appellants assert that Amend's positions at both Penney and Lowe's involved public statements. Therefore, they argue, Penney's suit against appellants for Amend's performing similar duties in both positions means the suit is based on, related to, or in response to Amend's public communications promoting Lowe's and its products.

The record, however, contains no evidence that, when viewed in the light most favorable to Penney, proves Amend's duties with either Penney or Lowe's included making public communications. Penney alleged Amend "was responsible for developing and implementing JCP's online strategy, overseeing the operation of JCP's online platforms, and leading JCP in its efforts to compete against a host of competitors in the ever-evolving market of online merchandise sales." None of these actions necessarily involved public communications.

In support of their assertion that Amend made many public communications about Lowe's and its products, Appellants cite Amend's deposition discussing his job duties at Lowe's. There, Amend testified he is "responsible for Lowe's' website and app sales," "responsible for online merchandising," and responsible for "driving sales." In his position, he works with others on "product management,"[2] "analytics,"[3] "digital technology," and "strategy and business development," and he makes recommendations to other Lowe's employees about these subjects. The evidence does not show that these responsibilities necessarily involve public communications. Instead the responsibilities appear to involve communications between Amend and other Lowe's employees. Appellants' motion to dismiss did not include any examples of Amend making a public communication. Moreover, Amend's communications with other Lowe's employees about these subjects would not necessarily involve public or citizen's participation.

Just as the record does not show Amend's communications involved public or citizen's participation, the record does not show that Lowe's communications assisting or encouraging Amend involved public or citizen's participation.

Having considered the pleadings and opposing affidavits in the light most favorable to Penney, we conclude appellants failed to prove by a preponderance of

---

[2] Amend testified, "Product management is the function around the prioritization of the capabilities that you want to implement inside of the mobile app or on the website."

[3] Amend testified, "Analytics is the measurement of customer behavior on the website or in the mobile app."

the evidence that Penney's lawsuit is based on, related to, or in response to their exercise of the right of association.

## Exercise of the Right of Free Speech

Appellants also assert they met step one of the TCPA because Penney's claims are based on, related to, or in response to their exercise of the right of free speech.

The TCPA defines the "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." CIV. PRAC. § 27.001(3).

"'Matters of public concern' include issues related to: (i) health or safety; (ii) environmental, economic, or community well-being; (iii) the government; (iv) a public official or public figure; or (v) a good, product, or service in the marketplace." *Id.* § 27.001(7). "The words 'good, product, or service in the marketplace' . . . do not paradoxically enlarge the concept of 'matters of public concern' to include matters of purely private concern. [T]he 'in the marketplace' modifier suggests that the communication must have some relevance to a public audience of potential buyers or sellers." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 134 (Tex. 2019).

Although the TCPA sometimes covers private communications, those cases involve environmental, health, or safety concerns with public relevance beyond the pecuniary interest of the private parties involved. *Id.* at 136.

To prove that Penney's allegations involve the exercise of the right of free speech, appellants had to prove their communications were in connection with a matter of public concern. CIV. PRAC. § 27.001(3). Appellants argue the communications were in connection with a matter of public concern because they involved the economic well-being of Lowe's, Amend, and the employees Amend solicited, and the communications involved goods, product, or services in the marketplace.

"The phrase 'matter of public concern' commonly refers to matters 'of political, social, or other concern to the community,' as opposed to purely private matters." *Creative Oil*, 591 S.W.3d at 135. Communications about the economic well-being of private parties are not matters of public concern. *Id.* at 136 ("These communications, with a limited business audience concerning a private contract dispute, do not relate to a matter of public concern under the TCPA."); *id.* at 137 ("A private contract dispute affecting only the fortunes of the private parties involved is simply not a 'matter of public concern' under any tenable understanding of those words."). Likewise, for a communication about goods, products, or services in the marketplace to be connected with a matter of public concern, the communication "must have some relevance to a wider audience of potential buyers or sellers in the marketplace, as opposed to communications of relevance only to the parties to a particular transaction." *Id.* at 134.

Appellants do not cite to, and we have not discovered in the record, evidence of any communications by appellants connected with goods, products, or services in the marketplace that "have some relevance to a wider audience of potential buyers or sellers in the marketplace." *Id.* Nor is there any evidence that Penney's suit is based on, related to, or in response to such communications.

Having considered the pleadings and opposing affidavits in the light most favorable to Penney, we conclude appellants failed to prove by a preponderance of the evidence that Penney's lawsuit is based on, related to, or in response to appellants' exercise of the right of free speech.

We overrule appellants' issue on appeal.

## CONCLUSION

We affirm the trial court's order denying appellants' motion to dismiss under the Texas Citizens Participation Act.

/Lana Myers/
LANA MYERS
JUSTICE

190723F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL AMEND AND LOWE'S
COMPANIES, INC., Appellants

No. 05-19-00723-CV     V.

J.C. PENNEY CORPORATION,
INC., Appellee

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-00257-
2019.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell
participating.

In accordance with this Court's opinion of this date, the order of the trial court denying appellants' motion to dismiss under the Texas Citizens Participation Act is **AFFIRMED**.

It is **ORDERED** that appellee J.C. PENNEY CORPORATION, INC. recover its costs of this appeal from appellants MICHAEL AMEND AND LOWE'S COMPANIES, INC.

Judgment entered this 31st day of March, 2020.