**AFFIRMED and Opinion Filed February 13, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00766-CV

**GRACE CHEN GRAHAM, Appellant**
v.
**JAMES L. MILLER, IV, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-53475-2018**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Nowell

This interlocutory appeal arises from a third-party petition filed against a therapist, appellant Dr. Grace Chen Graham, for violations of the Texas Civil Wiretap Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 123.002. The underlying lawsuit involves a custody dispute between April S. Miller (Mother)[1] and appellee James M. Miller, IV (Father).

---

[1] Mother filed a separate appeal challenging the denial of her TCPA motion to dismiss. *See In re J.L.M., V, H.E.M., & V.R.M.*, No. 05-22-00758-CV, (Tex. App.—Dallas Feb. 13, 2023 no pet. h.) (mem. op.).

Dr. Graham filed a motion to dismiss Father's claims pursuant to the Texas Citizens Participation Act. The motion was denied by operation of law. In four issues, she argues the trial court erred by denying her motion to dismiss because (1) the TCPA applies; (2) Father failed to meet his burden under the Wiretap Act; (3) she established numerous affirmative defenses; and (4) she is entitled to her attorney's fees. Because we conclude the TCPA does not apply, we affirm the order denying Dr. Graham's motion to dismiss.

**Background**

Mother and Father divorced in November of 2012. They had three children during the marriage: H.E.M., J.L.M., and V.R.M. In March of 2018, Mother filed a petition to modify the parent-child relationship. Father subsequently filed a counter-petition to modify the parent-child relationship.

On March 21, 2019, the trial court signed an Agreed Order for Counseling and appointed Dr. Graham as the children's counselor. Her role was to "help the children through th[e] difficult process when the parents [were] trying to figure out how they want[ed] to share the children." The order required Mother and Father to, among other things, "comply with the recommendations and directives of Dr. Graham as it relates to the children's counseling: including making themselves available to speak with Dr. Graham and/or to participate in the counseling session as requested by Dr. Graham" and "sign all necessary releases (e.g.–HIPAA) to authorize Dr. Graham to share information pertaining to the children's counseling to

the attorneys for the parties, the child custody evaluator appointed in this matter, and to the Court." The trial court entered an agreed order in that SAPCR proceeding on September 10, 2019; however, Dr. Graham continued providing counseling to the children as needed.

During a session in December of 2020, H.E.M. told Dr. Graham she recorded interactions with her father and stepmother. H.E.M. played a portion of the recordings for Dr. Graham. Although there were approximately ten recordings, Dr. Graham only listened to three of them because she found them difficult to hear.

On February 25, 2022, Father filed a Second Amended Counterpetition to Modify Parent-Child Relationship and Original Third-Party Petition Against Grace Chen Graham for violations of the Wiretap Act because she allegedly "divulged an illegally obtained recording to another individual." In Father's third-party petition, he alleged the following facts:

> One of the children recorded [FATHER] without his consent. The child is not of requisite age in order to consent to being recorded. Therefore, the recording was illegally obtained.

> Upon information and belief, there are roughly ten recordings (the "recordings"). The child divulged the recordings to therapist [GRAHAM]. [GRAHAM] then divulged the recordings to [MOTHER]. [MOTHER] then divulged the recordings to her husband as well as her attorneys Laurel Clement and Blake Mitchell.

Graham filed an original answer but did not assert any affirmative defenses.

Dr. Graham filed a motion to dismiss pursuant to the TCPA on April 25, 2022. She alleged Father's Wiretap Act claim was a legal action based on or in response

to her "exercise of the right to petition" because her communication regarding the recordings was "a communication in or pertaining to a judicial proceeding." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i). She attached her deposition and an affidavit from Mother to her motion to dismiss.

Father filed his "objection" to Dr. Graham's motion to dismiss in which he argued (1) the TCPA did not apply; (2) an exemption applied; (3) he provided clear and specific evidence of each element of his cause of action; and (4) Dr. Graham failed to establish an affirmative defense. The trial court held a hearing and took the motion under advisement. Dr. Graham's motion was overruled by operation of law. This appeal followed.

### TCPA Framework and Standard of Review

The TCPA permits a party to file a motion to dismiss a legal action that is based on or is in response to that party's exercise of her right of free speech, right to petition, or right of association as defined in the statute. TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001, 27.003. To accomplish its purpose, the TCPA endorses a summary process requiring judicial review of the pleadings and limited evidence. *See In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding). This summary procedure requires a trial court to dismiss suits, or particular claims within suits, that demonstrably implicate those statutorily protected rights, unless the plaintiff–nonmovant makes a prima facie showing that his claims have merit. TEX.

CIV. PRAC. & REM. CODE ANN. § 27.005(b); *Sullivan v. Abraham*, 488 S.W.3d 294, 295 (Tex. 2016).

The TCPA dismissal procedure has three steps. *White Nile Software, Inc. v. Carrington, Coleman, Sloman & Blumenthal, LLP*, No. 05-19-00780-CV, 2020 WL 5104966, at \*4 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.). First, the defendant–movant has the initial burden to show by a preponderance of the evidence that the case is based on or is in response to the party's exercise of the right of free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the defendant–movant does not meet this burden, the motion fails. *White Nile Software, Inc*., 2020 WL 5104966, at \*4. Second, if the defendant–movant satisfies the first step, the plaintiff–nonmovant must establish by clear and specific evidence a prima facie case for each essential element of his claim. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). If the plaintiff–nonmovant fails to meet this burden, the trial court must dismiss the claim. *Id*. § 27.005 (b)–(c). Third, if the plaintiff–nonmovant meets his step-two burden and the defendant–movant has asserted a defense, the defendant–movant must establish by a preponderance of the evidence each essential element of a valid defense to the plaintiff–nonmovant's claims to prevail. *Id*. § 27.005(d).

We review de novo the denial of a TCPA motion. *See Beard v. McGregor Bancshares, Inc.*, No. 05-21-00478-CV, 2022 WL 1076176, at \*4 (Tex. App.—Dallas Apr. 11, 2022, pet. denied) (mem. op.). In conducting our review, we

consider the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and supporting and opposing affidavits stating the facts on which the liability or defense is based. *Id*.; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a).

**Analysis**

Dr. Graham first contends the trial court erred in denying her motion to dismiss pursuant to the TCPA because Father's legal action was based on or in response to her right to petition. We begin our analysis with step one of the TCPA burden-shifting analysis, which is dispositive of this appeal.

The TCPA defines "exercise of the right to petition" as "a communication in or pertaining to," in relevant part, "a judicial proceeding." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i). The ordinary meaning of "judicial proceeding" is "an actual, pending judicial proceeding" or "any proceeding initiated to procure an order or decree, whether in law or in equity." *See Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 429 (Tex. App.—Dallas 2019, pet. denied) (quoting *Levatino v. Apple Tree Cafe Touring, Inc.*, 486 S.W.3d 724, 728–29 (Tex. App.—Dallas 2016, pet. denied)). The statute further defines "exercise of the right to petition" to mean "a communication in connection with an issue under consideration or review by a . . . judicial body" and a "communication that is reasonably likely to encourage consideration or review of an issue by a . . . judicial body." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(B), (C).

The protections of the TCPA are specifically directed at communications. *White Nile Software, Inc.*, 2020 WL 5104966, at *5. The parties do not dispute the recordings at issue are communications as defined by the TCPA, but instead dispute whether Father's wiretap lawsuit is based on or in response to Dr. Graham's right to petition.

Dr. Graham argues the recordings, which she shared with Mother, the parenting coordinator, and attorneys, pertained to a judicial proceeding in which the trial court appointed her to act as counselor for the minor children on a continuing basis. Father responds he is suing Dr. Graham for illegally publishing his statements recorded by H.E.M. without his consent.[2] "It is the extra step of replaying the illegally recorded conversations . . . [that] exposes Dr. Graham to liability under the Texas Wiretap Act," not that she discussed the recordings with others.

We begin by determining whether Dr. Graham established by a preponderance of the evidence that the recordings were communications "in or pertaining to a judicial proceeding." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i). Here, as part of a prior SAPCR proceeding between Mother and Father, the trial court signed an Agreed Order for Counselor on March 21, 2019 appointing Dr. Graham

---

[2] In Texas, when one party to the communication consents to the interception of the communication, there is no violation of chapter 123. *See Allen v Mancini*, 170 S.W.3d 167, 171 (Tex. App.—Eastland 2005, pet. denied); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 123.001(2) ("interception" means the "aural acquisition of the contents of a communication through the use of an interception device that is made without the consent of a party to the communication"). Father asserts H.E.M., who is a minor, could not consent to the recording. We need not consider this issue for disposition of this appeal. *See* TEX. R. APP. P. 47.1.

as the children's counselor. The trial court entered an agreed order in that SAPCR proceeding on September 10, 2019. Dr. Graham continued seeing the children for counseling as needed.

Dr. Graham testified H.E.M. shared recordings with her during a therapy session in December 2020. Dr. Graham then shared the recordings with Mother, who shared them with a parenting coordinator and attorneys. At that time, there was no pending "judicial proceeding" or ongoing "legal action." *Id.* § 27.001(6) (defining "legal action" as "lawsuit, cause of action, petition, complaint, cross-claim, or counter-claim . . ."); *see Dyer*, 573 S.W.3d at 429 (concluding appellants failed to satisfy their burden of establishing claims were based on, related to, or in response to right to petition when there was no evidence of a pending "judicial proceeding" at the time the parties sent texts messages to each other). Accordingly, the recordings were not "a communication in or pertaining to a judicial proceeding." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i). For the same reasons, the recordings were not communications "in connection with an issue under consideration or review by a . . . judicial body," because the parties had nothing under consideration or review by the trial court at that time. *Id.* § 27.001(4)(B).

Finally, we consider whether the recordings were communications "reasonably likely to encourage consideration or review of an issue" by a judicial body. *Id.* § 27.001(4)(C). Although the record indicates Dr. Graham shared the recordings with Mother because she was concerned for H.E.M.'s mental health and

–8–

possible exposure to an abusive environment, she presented no evidence her publication of the recordings to Mother or her discussions with Mother (or anyone else) were intended to encourage consideration or review by a judicial body.

To the contrary, Dr. Graham stated in her deposition she did not report her concerns to Child Protective Services because the recordings did not rise to the level that would require mandatory reporting. She also did not consider calling the police after hearing the recordings because "we give parents huge latitude on how they want to discipline their kids." She was "hopeful" that by talking with Father, and possibly stepmother, she could "get things kind of calmed down." Such evidence indicates Dr. Graham was trying to avoid further judicial proceedings and resolve the situation within the family unit.

We conclude Dr. Graham failed to show by a preponderance of the evidence that Father's third-party petition alleging violations of the Wiretap Tap Act is based on or in response to her exercise of the right to petition. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). We overrule Dr. Graham's first issue. Because Dr. Graham failed to meet her burden under step one of the TCPA burden-shifting analysis, we need not consider her remaining arguments. TEX. R. APP. P. 47.1.

## Conclusion

We affirm the trial court's order denying Dr. Graham's motion to dismiss.

          /Erin A. Nowell/
          ERIN A. NOWELL
          JUSTICE

220766F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GRACE CHEN GRAHAM,
Appellant

No. 05-22-00766-CV     V.

JAMES L. MILLER, IV,
Appellee

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-53475-
2018.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Kennedy participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant Grace Chen Graham's motion to dismiss pursuant to the TCPA.

It is **ORDERED** that appellee JAMES L. MILLER, IV recover his costs of this appeal from appellant GRACE CHEN GRAHAM.

Judgment entered this 13th day of February 2023.