

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00174-CV

———————————————

ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, Appellant

V.

CHRISTINE HILL, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-291883-17

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellee Christine Hill brought suit against Appellant Allstate County Mutual Insurance Company to recover underinsured motorist (UIM) benefits under her automobile policy. The trial court granted Hill declaratory relief and attorney's fees. On appeal, Allstate argues that the trial court erred in allowing Hill to use the Uniform Declaratory Judgments Act (UDJA) in connection with her claim for UIM benefits and by awarding her attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011. In light of the Texas Supreme Court's recent decision in *Allstate Ins. Co. v. Irwin*, No. 19-0885, 2021 WL 2021446, at *1, *6 (Tex. May 21, 2021), we will affirm.

### II. BACKGROUND

Hill was a passenger in a car driven by Joshua Warthen which was "t-boned" at an intersection by a car driven by Rafael W. Mendes on April 13, 2016. Hill later brought suit against Mendes for injuries she sustained in the collision and against Warthen's insurer, Farmers County Mutual Insurance Company, and her insurance company, Allstate, for UIM coverage.

Prior to trial, Hill settled with Mendes and Farmers and non-suited her claims against them. Hill then proceeded to trial against Allstate for declaratory relief under the UDJA for past and future medical care expenses, past and future physical pain and mental anguish, past and future disfigurement, and past and future physical

2

impairment.[1]   Specifically, Hill requested that the following be established by declaratory judgment:

a. she has an uninsured/underinsured policy with Allstate;

b. she is entitled to uninsured/underinsured motorist coverage under that policy;

c. Mendes was an underinsured driver;

d. Mendes was negligent and his negligence[] caused the collision and Hill's damages;

e. Hill's damages are covered under the Allstate policy;

f. Hill has satisfied or is satisfying all policy conditions necessary for her to recover under the policy;

g. the total amount of the damages Hill incurred as a result of the crash;

h. the amount of prejudgment interest that Mendes would owe;

i. the amount of underinsured motorist insurance benefits Allstate is obligated to tender under their policy to [Hill]; and

j. costs and reasonable and necessary attorney fees as are equitable and just under C[ivil] P[ractice and] R[emedies] C[ode] ch. 37.

Before trial began, the parties stipulated that Mendes was liable for causing the collision, that Hill was a "Covered Person" under an Allstate policy, and that the vehicle driven by Mendes was an "Underinsured motor vehicle" as defined by the

_____

[1]To establish an insurer's liability to an insured under a UIM policy, an insured must first obtain determinations of the third-party driver's liability and the amount of damages. *In re State Farm Mut. Auto. Ins. Co.*, Nos. 19-0791, 19-0792, 2021 WL 1045651, at *5 (Tex. Mar. 19, 2021) (orig. proceeding).

policy. The parties also stipulated, "No defense or basis for denial of benefits exists other than that . . . Hill is required to prove at trial that she is entitled to benefits under the Allstate Policy in excess of the amount previously paid by the policy covering . . . Mendes." Finally, there was an agreement to "bifurcate" the attorney's fees issue from the other issues in the case and have it heard by the trial court after the jury verdict was received on the amount of damages, if any, Hill sustained in the motor vehicle collision.

Ultimately, the jury determined that Hill was entitled to $126,760.35 in past damages and $211,000 in future damages as a result of the motor vehicle collision. After the verdict, Hill sought to recover her attorney's fees in a motion for entry of judgment that included her attorney's "Declaration as to Attorney's Fees." The trial court entered judgment that Hill was entitled to recover from Allstate:

- The sum of $30,000, which is the amount Hill is legally entitled to recover from Mendes, reduced to the policy limits in the insurance policy;

- An award of $42,668.75 in reasonable and necessary attorney's fees and costs incurred by Hill, pursuant to the UDJA. If Allstate appeals the judgment and Hill prevails on appeal, Hill recovers additional attorney's fees: (a) in the event Allstate appeals to an intermediate appellate court, an additional $27,500, with an additional $5,000 for oral argument; (b) in the event Allstate files a petition for review with the Texas Supreme Court, an additional $5,000 with an additional $15,000 for merits briefing and an additional $5,000 for oral argument;

- All of Hill's costs of court; and

- Post-judgment interest.

Allstate filed a motion for new trial, or in the alternative, a motion to modify the judgment, which was overruled by operation of law. This appeal followed.

## III. DISCUSSION

Allstate's issue in this case revolves around whether a declaratory judgment action was the proper cause of action for a policyholder to secure UIM benefits. As noted in Allstate's brief, "This case contains identical issues as were involved" in *Allstate Ins. Co. v. Irwin*, 606 S.W.3d 774 (Tex. App.—San Antonio 2019), *aff'd*, 2021 WL 2021446, which it argues was wrongly decided.

The Texas Supreme Court has now resolved this issue by affirming the holding in *Irwin* and concluding that the UDJA can be used to determine an insurance carrier's liability for benefits under a UIM policy. 2021 WL 2021446, at *1. The court reasoned:

> The Act's application here to determine the prerequisites for, and existence of, the insured's UIM claim not only served a useful purpose but also terminated the controversy between the parties. The UDJA was thus properly invoked to determine the parties' status and responsibilities under the UM/UIM policy prior to its breach. Tex. Civ. Prac. & Rem. Code § 37.003.

*Id.* at *4. With regard to the award of attorney's fees, the supreme court noted that, as part of the declaratory judgment remedy,

> the Legislature has provided for the award of "reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009. Thus, when the Act applies, attorney's fees may be available. Unlike Chapter 38, Chapter 37's UDJA does not require an award of attorney's fees to anyone; rather, it "entrusts attorney fee awards to the

5

> trial court's sound discretion." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

*Id.* at *6. Because the supreme court "d[id] not agree that the award [in *Irwin* was] erroneous or otherwise violate[d] the American Rule," it affirmed the trial court's judgment. *Id.*

Here, in Allstate's only issue, it asks, "Did the trial court err in allowing Hill to unnecessarily invoke the UDJA in connection with her claim for U[I]M benefits and by also awarding her attorney's fees under the statute?" Relying on *Irwin*, we answer the question in the negative. *See id.* Accordingly, we overrule Allstate's issue.

## IV. CONCLUSION

Having overruled Allstate's issue, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered: July 15, 2021